STOULIG, Judge.
Appellant filed three separate claims for unemployment compensation benefits after his employment was terminated with Zenith Hearing Aid Centers in the latter part of 1967, with Commonwealth Life & Accident Insurance Company in January 1968, and with Atlas Life Insurance Company in August 1968. At the administrative level, in separate proceedings, it was determined claimant was disqualified from receiving benefits in each claim. On appeal to the district court, these matters were consolidated for review. The trial judge upheld the disqualification rulings in the Zenith and Atlas cases, but reversed the Commonwealth ruling and ordered the Administrator of Employment Security to pay any benefits due under the Commonwealth claim. From this judgment plaintiff has appealed all three decisions.
We note at this point that appellant has represented himself in proper person in the administrative and judicial proceedings.
We preface our consideration of each claim with the observation that our review is limited to questions of law by LSA-R.S. 23:1634. Absent a showing of fraud or insufficient evidence, factual findings of the Board of Review at the administrative level are conclusive.
We first consider the Zenith claim. Appellant was employed by Zenith as a salesman of hearing devices on a straight commission basis from May 4, 1965 through July 29, 1967, at which time he allegedly quit. Zenith maintains the employee never notified the company of his intention to quit, rather he was fired on November 3, 1967 after repeatedly refusing to return, for inventory purposes, the hearing aid demonstration equipment valued at $3,000.
Defendant introduced in evidence a telegram dated October 27, 1967, sent by claimant to its Chicago office stating he still considered himself employed by Zenith. The testimony of all Zenith supervisory personnel with whom plaintiff had contact was to the effect that he never advised anyone he had quit as of July 29, 1967.
*167 The board found as a fact that plaintiff was dismissed for refusing to bring in his equipment as directed. This constituted a discharge for misconduct connected with his employment, and under LSA-R.S. 23:1601(2) he was disqualified to receive unemployment compensation benefits. Our review of the record convinces us the factual finding is fully supported by the evidence. We affirm claimant’s disqualification.
We next consider the Commonwealth appeal. In the district court, appellant was awarded full benefits to which he is entitled under this claim. Nonetheless he appealed. Since there is nothing further he can be awarded by a modification of the judgment of the trial court, his appeal is pointless because the case is moot. Accordingly the Commonwealth appeal is dismissed.
Finally we turn to the Atlas claim. In August 1968, claimant was hired as a debit insurance agent. His duties consisted of selling insurance, collecting premiums, and keeping records of the accounts he handled. He resigned after four days of employment because the paperwork caused him severe eyestrain. At the time he obtained the job, he was aware he had glaucoma and related eye problems that made it difficult for him to do paperwork. In fact he had quit his job with the same duties at Commonwealth in January 1968 because of the same eye problems. He did not disclose his condition when he was hired by Atlas. The Board of Review concluded he left this job for personal reasons and without good cause connected with his employment. Thus he was disqualified from claiming unemployment benefits under LSA-R.S. 23:1601(1). We find no error in this ruling. However, this disqualification for unemployment benefits with Atlas shall not alter or deprive the claimant of the full unemployment compensation bene-. fits awarded him in his claim against Commonwealth.
For the reasons assigned, the appeal in Commonwealth is dismissed as moot and the judgment maintaining claimant’s disqualification for benefits in Zenith and Atlas are affirmed. Costs of this appeal are to be borne by appellant.
Dismissed in part; affirmed in part.
REDMANN, J., dissents in part with written reasons.