STOULIG, Judge.
This appeal demonstrates the pitfalls of self-representation.
Plaintiff filed three rules[1] to show cause why he should not be entitled to additional unemployment compensation benefits for the years 1967, 1968 and/or 1969, which he alleged this court ordered in the case entitled Simon v. Administrator of Employment Security, 281 So.2d 165 (1973). The court did not rule as plaintiff apparently thinks we did, and therefore the judgments of the trial court dismissing said rules are affirmed.
In 1973 we affirmed a judgment dismissing claims for unemployment compensation benefits in connection with his employment with Zenith Hearing Aid Centers and Atlas Life Insurance Company. In addition this court dismissed his appeal from the judgment awarding him unemployment compensation benefits stemming from termination of his employment by Commonwealth Life & Accident Insurance Co. Having been successful against this employer in the trial court, there was nothing to be gained by an appeal.
Complying with this decision, the Division of Employment Security paid plaintiff maximum benefits of $45 per week for 28 weeks. Appellant cashed 27 of the benefit payments and lost one of them. At the time plaintiff’s claim was filed the maximum benefit payable under the statute (L. R.S. 23:1592-95) was $45 per week for a maximum period of 28 weeks. Obviously, having only one valid unemployment compensation claim, he was fully compensated.
No need exists to evaluate the benefit years that would have been applicable had plaintiff been successful in his claims against Atlas and Zenith because both were dismissed.
For the reasons assigned the judgment appealed from is affirmed.

AFFIRMED.

. A rule was filed in each of the three cases entitled Simon v. Administrator of Employment Security, bearing our docket Nos. 7518, 7519 and 7520 respectively. These cases were consolidated for trial and for appellate review.