SARTAIN, Judge.
This is an appeal from a district court judgment affirming the denial of unemployment compensation benefits to claimant-appellant Raiford L. Wells by the Board of Review of the Louisiana Department of Employment Security.
The testimony and other evidence taken at the administrative hearing before the Appeals referee reveal that Wells voluntarily retired from his job as bevel operator for Stupp Corporation on February 2, 1978. Wells, sixty-two at the time of retirement, had worked for Stupp Corporation for twenty-three years and four months and had become eligible for retirement in November 1977. According to Wells’ testimony and a statement from fellow employees, he retired because his physical condition was such that he felt he could no longer perform the heavy labor required of a bevel operator and no light work was available.
It is undisputed that claimant’s former work was of a strenuous character often requiring the moving of heavy objects. Wells testified that according to his physician he was a diabetic and had an enlarged esophagus vein. He did not say when these conditions first appeared nor specifically how they affected his ability to work. Wells admits that he was not advised to retire by his physician, who was aware of the strenuous nature of claimant’s work. According to Wells, his doctor, when asked about the advisability of retirement, told Wells to continue to work as long as he felt able. After retirement when Wells visited his doctor and told him of his retirement and his reasons therefor, his doctor advised him to do only light work in the future. There is no expert medical evidence in the record on Wells’ health nor on the effect heavy physical labor had or would have on his condition. There is only a hearsay statement that after retirement the doctor recommended light work and told Wells that further heavy work would be injurious to his health.[1]
Claimant’s application for unemployment compensation benefits was rejected on the basis that he was disqualified because he voluntarily quit work without good cause connected with his employment. This decision was upheld by the Appeals referee, the Board of Review, and the district court.
The scope of our review is limited by La.R.S. 23:1634 to questions of law, if the findings of fact of the Board of Review are supported by sufficient evidence and do not *1194 involve fraud. In the present appeal, the factual findings of the administrative board are not seriously disputed. The question before us is whether under the facts stated above, claimant Wells is disqualified under La.R.S. 23:1601(1), which provides, “An individual shall be disqualified for benefits: (1)If the administrator finds that he has left his employment without good cause connected with his employment. . . ." More specifically, the dispute in this case is centered on whether claimant’s cause for leaving was job-connected.
In Neal v. Administrator, Div. of Employment Security, Dept. of Labor, 197 So.2d 393 (La.App. 2d Cir. 1967), benefits were denied to a claimant who resigned his position because of pain and inability to perform his duties due to spinal arthritis. The court in that case found that the claimant’s condition had not been caused, worsened, or aggravated by his employment and therefore his reason for leaving was not job-connected. We reach the same conclusion in the instant case. Also see, Simon v. Administrator of Employment Security, 281 So.2d 165 (La.App. 4th Cir. 1973); Gladson v. Brown, 134 So.2d 660 (La.App. 3d Cir. 1961).
Wells retired because of his physical condition, but it has not been proved that his condition was brought about, worsened or aggravated by his employment. The most telling evidence is that his doctor did not advise him to discontinue his work, which he surely would have done had he thought claimant’s health problems were caused or aggravated by his job. Only after Wells’ physical condition had declined to the point where he could no longer do strenuous labor did his doctor recommend that he restrict himself to light work. This does not indicate that Wells’ poor health was connected with his job. The more obvious deduction is that aging and the natural progress of Wells’ two ailments caused the decline in his ability to do heavy labor.
We do not believe that the unemployment compensation statute was intended to award benefits to a worker who quits because he no longer has the physical strength to perform hard physical labor under customary conditions when his inability is due to a non-job-related condition. Indeed, such coverage is expressly excluded by requiring that the cause be employment-connected.
The cases of Harris v. Woodcrest Mobile Homes, 359 So.2d 243 (La.App. 2d Cir. 1978), and Spruell v. Administrator, Div. of Employment Security, Dept. of Labor, 158 So.2d 364 (La.App. 2d Cir. 1963), relied on by Wells can be distinguished in that, unlike the situation in the present case, the health problems of the claimants therein— an allergic reaction and a respiratory infection, respectively — were directly caused by conditions at their places of employment.
For the above reasons, the judgment of the lower court is affirmed.

. Appellees contest the competency of some of the evidence taken at the administrative hearing. See Dunigan v. Administrator of Dept. of Employment Security, 351 So.2d 807 (La.App. 1st Cir. 1977). We did not find it necessary to reach this issue in our disposition of this appeal.