401 So.2d 400 (1981)
STANDARD MATERIALS, INC.
v.
ADMINISTRATOR, DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR.
No. 14077.
Court of Appeal of Louisiana, First Circuit.
April 13, 1981.
H. Sloan McCloskey, New Orleans, for plaintiff-appellant.
James A. McGraw and Willie D. Maynor, Dept. of Employment Sec., Baton Rouge, for defendant-appellee.
Before COVINGTON, CHIASSON and LEAR, JJ.
LEAR, Judge.
This is an appeal by Standard Materials, Inc. from an adverse judgment by the trial court in twenty consolidated judicial review proceedings. These consolidated proceedings initially arose out of claims filed individually by twenty employees of the appellant, Standard Materials, Inc., for unemployment insurance benefits with the Division of Employment Security, Department of Labor of the State of Louisiana. Claimants were held to be ineligible for unemployment benefits during the period between July 18, 1977, and July 30, 1977, due to their participation in a "labor dispute." The agency further determined that claimants became eligible for benefits after July 30, 1977, and appellant timely filed an appeal to the appeals referee who, in a hearing conducted on October 13, 1977, upheld the action of the agency. Appellant then appealed that decision to the Board of Review of the Division of Employment Security, which again affirmed the agency's determination and appellant thereafter sought judicial review. The trial court upheld the Board of Review's determination, and from that judgment, appellant has taken this appeal.
LSA-R.S. 23:1601, in pertinent part, reads as follows:

*401 "An individual shall be disqualified for benefits:
* * * * * *
"(4) For any week with respect to which the administrator finds that his unemployment is due to a labor dispute which is in active progress at the factory, establishment, or other premises at which he is or was last employed; but such disqualification shall not apply if it is shown to the satisfaction of the administrator that he is not participating in or interested in the labor dispute which caused his unemployment * * *."
R.S. 23:821(3), which we find to be controlling here, provides that:
"(3) The term `labor dispute' includes any controversy concerning terms or conditions of employment .... or any other controversy arising out of the respective interests of employer and employee...."
While the record is not clear as to whether claimants were actually members of or represented by a union, the record conclusively indicates that claimants refused to work and began picketing appellant's place of business on July 18, 1977, because of a controversy concerning their demand for increased pay and other terms of employment. Therefore, we conclude that claimants became unemployed on July 18, 1977, because of a "labor dispute" existing between themselves and appellant. Under the provisions of R.S. 23:1601(4), as long as the claimants' unemployment was due to the labor dispute they were disqualified for unemployment benefits; and, in order to qualify for such benefits it was encumbent upon them to show to the satisfaction of the administrator that they were not participating in or interested in the labor dispute which caused their unemployment. Elmer Candy Corporation v. Administrator of Employment Security, et al, 286 So.2d 423 (La. App. 1st Cir., 1973); Senegal v. Lake Charles Stevedores, Inc., 250 La. 623, 197 So.2d 648 (La.1967).
The evidence indicates that appellant, sometime after July 18, 1977, hired replacements for the striking employees (claimants), and that these claimants were informed of this on July 22, 1977. Thereafter, and at least through half of July 26, 1977, claimants continued to picket appellant's place of business. Notwithstanding the fact that appellant had permanently replaced the claimants, under well established federal law, the strikers (claimants) retained their status as employees and must be reinstated upon application as openings arise. National Labor Relations Board v. Fleetwood Trailer Co., Inc., 389 U.S. 375, 88 Sup.Ct. 543, 19 L.Ed.2d 614 (1967). Further appellant's president, V. J. Scogin, testified that he informed claimants by registered letter and otherwise that they would be rehired as positions became available, and in fact did rehire some of the previously striking employees. Thus, the record indicates that the claimants were not terminated by appellant, and further that they did not resign their employment with appellant.
As provided by LSA-R.S. 23:1634, our judicial review is confined to questions of law; the findings of the Board of Review as to the facts, if supported by sufficient evidence and in the absence of fraud, are conclusive. See also Cox v. Lockwood, 373 So.2d 246 (La.App. 4th Cir., 1979); Robertson v. Gerace, 335 So.2d 102 (La.App. 4th Cir., 1976).
After a full evidentiary hearing, the appeals referee found that the claimants ceased picketing appellant's plant after July 26, 1977. Both the Board of Review and the district court, having the record of the administrative hearing before them, upheld the appeals referee's finding that the claimants were not participating in or interested in the labor dispute which caused their unemployment after July 26, 1977.
After reviewing the record below, we find that the evidence clearly supports the referee's finding. In fact, there is no evidence in the record which would contradict this finding. Thus, because claimants had terminated their participation in the labor dispute prior to August 14, 1977, when they applied for benefits, they are entitled to benefits under the act.
*402 In accordance with R.S. 23:1634, and for the reasons set forth above, the judgment of the district court, upholding the decision of the Board of Review, is affirmed.
AFFIRMED.