457 So.2d 676 (1984)
Paulette CHARBONNET, M.N. Washington, Larry Williams and L.L. Coignet, Jr.
v.
Joseph R. GERACE, Administrator, Louisiana Department of Employment Security and Federal Aviation Administration, Southwest Region.
No. 84-C-0900.
Supreme Court of Louisiana.
October 15, 1984.
*677 Leonard A. Washofsky, Keith R. Credo, Hess & Washofsky, New Orleans, for applicant-plaintiff.
William F. Baity, Asst. U.S. Atty., James A. McGraw, Baton Rouge, Eddie G. Crawford, New Roads, Roy Blondin, Denise A. Nagel, Office of Employment Sec., Baton Rouge, for respondents.
LEMMON, Justice.
We granted certiorari to review the decision of the lower courts that plaintiffs' participation in a strike against an agency of the United States government constituted "misconduct connected with his employment" under La.R.S. 23:1601(2) so as to disqualify them from receiving state unemployment compensation benefits.
Plaintiffs were air traffic controllers employed by the Federal Aviation Administration (FAA) and were members of the Professional *678 Air Traffic Controllers Organization (PATCO), a labor union. After the union contract expired, PATCO negotiated with the FAA for several months over the terms of a new contract, while plaintiffs worked without a contract. When the FAA and PATCO were unable to reach an agreement, PATCO called a strike on August 3, 1981. Plaintiffs participated in the strike by refusing to work and walking picket lines. On August 6, 1981, plaintiffs were fired and replaced by other employees. Although they attempted to do so, plaintiffs were not allowed to return to work.
Plaintiffs subsequently filed claims for unemployment compensation, which were denied on the basis that plaintiffs had been discharged for striking against the United States government and for unauthorized absences. The agency's decision was affirmed by an appeals referee after a hearing, at which the employer failed to appear. The appeals referee's decision was affirmed by the board of review.
Plaintiffs then filed suit in district court, which affirmed the denial of benefits on the basis that plaintiffs' participation in an illegal strike constituted willful misconduct under La.R.S. 23:1601(2).[1] The court of appeal agreed and affirmed. 449 So.2d 1081 (La.App. 4 Cir.1984). We granted certiorari. 450 So.2d 963 (La.1984). We now reverse, concluding from a review of the record that the FAA failed to sustain its burden of proving that plaintiffs were engaged in willful misconduct at the time of the strike.
For a claimant to be disqualified from benefits because of "misconduct connected with his employment" under La.R.S. 23:1601(2), the "misconduct" must have resulted from willful or wanton disregard of the employer's interest, from a deliberate violation of the employer's rules, or from a direct disregard of standards of behavior which the employer has the right to expect from his employees. Pilgram Manor Nursing Home, Inc. v. Gerace, 337 So.2d 660 (La.App. 3rd Cir.1976). The type of behavior which is considered "willful misconduct" is intentional wrong behavior. Banks v. Administrator of Employment Security, 393 So.2d 696 (La.1981). Because of the beneficial purpose of unemployment compensation, the term "misconduct" should be construed so as to favor the awarding of benefits rather than disqualification.
A strike against any employer is by its very nature in willful disregard of the employer's interest. However, participation in a strike against an employer in the private sector does not, in and of itself, constitute misconduct under Section 1601(2). See Standard Materials, Inc. v. Administrator, Division of Employment Security, 401 So.2d 400 (La.App. 1st Cir. 1981). La.R.S. 23:1601(4) disqualifies a striking employee in the private sector from benefits for the duration of the strike, but the disqualification ceases when the strike ends. The instant case presents the question of whether participation in a strike against a public employer is alone sufficient under Louisiana law to constitute disqualifying misconduct.[2]
At the hearing held before the appeals referee, the only testimony was that of three of the claimants. The FAA, although not represented at the hearing, submitted a copy of plaintiffs' employment record in *679 support of its position that the employees were aware that a strike was illegal but participated nonetheless.[3] In their testimony the claimants admitted that they had signed many documents at the beginning of their employment, one of which contained a copy of 5 U.S.C. § 7311, which prohibits strikes against the United States government.[4] They also admitted signing an agreement not to participate in such a strike. However, the FAA had permitted them to belong to PATCO and to be represented by PATCO in collective bargaining, although membership in that organization was a violation of 5 U.S.C. § 7311(4).[5] The employees further testified that they had been told by members of PATCO's negotiating team that the FAA was not bargaining in good faith and that a strike had been called. They asserted that they believed at the time they had a legal right to strike because the contract had expired and the FAA had violated the law during the negotiations.
On the basis of this evidence, the board of review found that the claimants, at the time they were hired, were aware that a federal statute prohibited them from participating in a strike. Also finding that the claimants were discharged because of unauthorized absences from work and participation in an illegal strike, the board concluded that the conduct was a "willful and wanton disregard of the employer's interest and deliberate violation of the employer's rules, as well as a breach of a condition of employment."[6]
La.R.S. 23:1634 limits judicial review in unemployment compensation proceedings to questions of law. The findings of the board of review are conclusive if supported by sufficient evidence, since sufficiency of the evidence is always a question of law. In a case in which willful misconduct is alleged, the employer has the burden of proving the misconduct by a preponderance of the evidence. Gatlin v. Brown, 154 So.2d 224 (La.App. 2nd Cir. 1963).
The only evidence introduced by the FAA at the hearing was hearsay, which is admissible for purposes of corroboration. Deloume v. Division of Employment Security, 420 So.2d 1199 (La.App. 5th Cir. 1982). The only facts established by that hearsay and by the testimony of the claimants were that plaintiffs agreed at the inception of their contract not to strike, that they were aware of the government's position on the illegality of the strike after the contract expired, and that they participated in it. This evidence does not, however, prove what the law requiresthat the claimants' participation in the strike was "willful misconduct".
Plaintiffs' position is that they reasonably believed in the legality of the strike because of representations by the bargaining agent recognized by the FAA. On instructions from the bargaining agent, *680 plaintiffs formed picket lines and refused to work. Although plaintiffs were told by the government representatives that a strike was illegal, they were told by the union leadership that the strike was justified. The fact that the government allowed participation in union activities and recognized PATCO as the bargaining agent for the air traffic controllers, despite the statutory prohibition against membership in an organization which asserts the right to strike against the United States government, supported the plaintiffs' assertions in their sincere belief that they did have a right to strike.[7] Furthermore, although all of the plaintiffs participated in the strike, none were members of the negotiating committee or otherwise instrumental in organizing the strike. Finally, the legality of a strike is generally an after-the-fact determination, usually made by the courts. There is no evidence that plaintiffs were ever notified during the three-day strike of the restraining order issued on August 3 in Washington, D.C. against PATCO or of any court orders issued in the jurisdictions in which they were working.[8] Neither is there any evidence that plaintiffs were ever informed that 18 U.S.C. § 1918 makes participation in a strike against the United States government a federal crime. Therefore, insofar as this record shows, plaintiffs did not knowingly violate any criminal law or any civil court order halting the strike which they had been convicted was legal.
The evidence preponderates in favor of a conclusion that the legality or illegality of the strike called by PATCO was not clear to plaintiffs at the time the strike began and that they reasonably believed for the brief period of the strike that they had a right to participate. This is not the type of disqualifying "misconduct" contemplated by the Louisiana statute which controls the determination of eligibility for benefits. In the Standard Materials case, above, the court established the right of employees involved in labor disputes to collect unemployment once the labor dispute had ended and the striking workers have been replaced by other employees. The only difference between the claimants in Standard Materials and these plaintiffs is that the strike in this case was against the United States government. That fact alone, without any evidence of intentional, willful misconduct (such as disobeying an injunctive order) is not sufficient to disqualify plaintiffs from receiving state unemployment benefits. It was the burden of the FAA to prove more than mere participation in a strike after expiration of the employment contract and upon instructions of the bargaining agent recognized by the FAA. Because the FAA failed to sustain that burden, the claimants are entitled to benefits.
Accordingly, the judgments of the lower courts are reversed, and judgment is rendered declaring that plaintiffs are not disqualified from unemployment compensation benefits because of misconduct connected with their work. The case is remanded to the agency for a determination of the benefits due and for further proceedings.
DENNIS, J., concurs.
MARCUS, J., dissents and assigns reasons.
BLANCHE, J., dissents and assigns reasons.
*681 MARCUS, Justice (dissenting).
Federal law makes it a felony for public employees to participate in a strike against the federal government. 18 U.S.C. § 1918. I consider violation of this provision to constitute willful misconduct in disregard of the employer's interest. This is particularly true when a strike jeopardizes the public welfare as in the instant case. Accordingly, I respectfully dissent.
BLANCHE, Justice (dissenting).
The majority finds that the FAA failed to carry its burden of proving that plaintiffs were engaged in misconduct sufficient to disqualify them from unemployment compensation. Participation in a strike prohibited by law is willful misconduct. Furthermore, the employees admit that they signed an agreement not to participate in a strike. The employees knew or should have known that if they did not go back to work they were breaking federal law and committing a felony regardless of what they were told by the union. Sections 7102 and 7103 of Title 5 of the United States Code give the public employees the right to participate and be represented by a labor organization as long as the organization or the employees do not strike against the government. Therefore, the employees were in violation of their own agreement not to strike as well as federal law prohibiting them from striking.
The majority fails to distinguish between a legal and illegal strike. The employees' denial of unemployment benefits did not result from the participation in a legal labor dispute. Unemployment benefits will be awarded to participants in a legal strike. La.R.S. 23:1601(4). In the instant case, the employees were fired from their jobs for participation in an illegal strike. There is no question that the employees' actions were in violation of a federal statute and constituted a felony. 18 U.S.C. § 1918. It is impossible for such actions to be considered participation in a legal labor dispute. The employees were guilty of willful misconduct in disregard of the employer's interest and they should be denied unemployment benefits under La.R.S. 23:1601(2).
I respectfully dissent.
NOTES
[1] R.S. 23:1601(2) provides in part:

"An individual shall be disqualified for benefits:
* * * * * *
"(2) If the administrator finds that he has been discharged by a base period or subsequent employer for misconduct connected with his employment."
[2] Strikes against state, parochial and municipal governments are not statutorily prohibited in Louisiana. Indeed, La.R.S. 23:841 arguably provides unqualified protection of the right to strike. However, a Louisiana appellate court has declared illegal a strike by policemen against a municipality on the basis that "the concerted refusal to work by the peace-keeping employees of the government not only leaves society defenseless against crime but even inspires lawlessness". City of New Orleans v. Police Ass'n of La., 369 So.2d 188 (La.App. 4th Cir.1979).
[3] At the end of the hearing, the union official representing the claimants objected to the introduction of these documents on the basis that they were hearsay. The FAA's Exhibit # 1 was admitted into evidence by the appeals referee, but does not appear in our record.
[4] 5 U.S.C. § 7311 (1982) provides in part:

"An individual may not accept or hold a position in the Government of the United States or the government of the District of Columbia if he
* * * * * *
"(3) participates in a strike, or asserts the right to strike, against the Government of the United States or the government of the District of Columbia; or
"(4) is a member of an organization of employees of the Government of the United States or of individuals employed by the government of the District of Columbia that he knows asserts the right to strike against the Government of the United States or the government of the District of Columbia."
[5] Part of Section 7311(3) and all of Section 7311(4) were declared unconstitutional in National Association of Letter Carriers v. Blount, 305 F.Supp. 546 (D.D.C.1969), appeal dismissed, 400 U.S. 801, 91 S.Ct. 7, 27 L.Ed.2d 33 (1970).
[6] The board's decision was rendered by a 2 to 1 vote. The chairman dissented on the basis that the employer failed to submit sufficient evidence to sustain the charge of willful misconduct.
[7] 5 U.S.C. § 7211(4) prohibits membership in organizations which assert the right to strike against the United States government. That prohibition, however, has been eroded. In National Association of Letter Carriers v. Blount, above, a federal district court held the prohibition of government employees from asserting the right to strike and the oath required of government employees acknowledging this prohibition was a violation of their First Amendment rights. Further, the right to join a union for the purpose of dealing with grievances was expressly recognized in Executive Order 11491. See United Federation Postal Clerks v. Blount, 325 F.Supp. 879 (1971).
[8] The district court in Washington, D.C. issued a restraining order on August 3 enjoining PATCO and some of its officers from taking part in the strike. See United States v. Professional Air Traffic Controllers Organization, 524 F.Supp. 160 (D.D.C.1981).