CIACCIO, Judge.
This is a suit for judicial review of an administrative determination that plaintiff is not entitled to unemployment compensation. La.R.S. 23:1634. We find the evidence in the record insufficient to support the conclusion that claimant engaged in disqualifying conduct. We hold, therefore, that claimant is entitled to receive unemployment benefits.
Claimant’s employer discharged him for failing to report to work and not notifying his supervisor that he would not be coming to work. The local agency office denied plaintiff’s claims for unemployment benefits determining that, “[his] discharge was for misconduct connected with the employment.” See La.R.S. 23:1601(2). After a hearing the appeals referee affirmed the agency’s decision. The board of review affirmed the decision of the appeals referee. This suit for judicial review was filed in the district court, which affirmed the denial of benefits.
Plaintiff appeals arguing his entitlement to benefits. The Office of Employment *1243 Security has filed a brief wherein it agrees with plaintiff that he is entitled to benefits. Plaintiff’s employer has not responded to this appeal.
La.R.S. 23:1634 limits judicial review of unemployment compensation proceedings to questions of law. The factual findings of the board of review are conclusive if supported by sufficient evidence. In a case in which willful misconduct is alleged, the employer has the burden of proving the misconduct by a preponderance of the evidence. Charbonnet v. Gerace, 457 So.2d 676 (La.1984).
Without discussion the board of review affirmed the decision of the appeals referee, apparently adopting the appeals referee’s findings of fact. His findings of fact are reported in the record as follows:
The claimant worked for the employer for about 11 months as a grounds keeper. He reported to work to the premises of the employer’s client and was part of a crew maintaining the property of that client. His last day of work was May 17, 1984. The claimant did not report to work as scheduled on the following day. He explained at the hearing that he reported to the employer’s office in the hope of seeing Mr. Charvet [president of the company] and complaining about his immediate supervisor. The claimant explained that he felt that his immediate supervisor, Mark, was not treating him fairly on the job. He acknowledged at the hearing that he did not notify the job superintendent, Mr. Mason, that he would be absent as the employer’s policy requires that he do. When the claimant reached the office, he learned that Mr. Charvet was out of town. The claimant then spoke to a construction foreman for whom he had previously worked. He then went to work on this foreman’s crew for several hours until the employer informed him that he had been discharged for failure to report to work without notice. Mr. Charvet explained at the hearing that the construction foreman was not authorized to hire employees and that he was discharged for permitting the claimant to work on his crew. Mr. Charvet further maintained that the claimant had previously been warned for failing to give notice of absence. He acknowledged that he did not warn the claimant himself and that he had no records at the hearing to support the allegation. The claimant maintained at the hearing that he had never been warned for failure to give notice of absence because he did not miss work during the 11 months of his employment.
In Charbonnet v. Gerace, supra, the court outlined the kind of conduct which under La.R.S. 23:1601(2) will disqualify a worker from eligibility for benefits. The court stated:
For a claimant to be disqualified from benefits because of “misconduct connected with his employment” under La.R.S. 23:1601(2), the “misconduct” must have resulted from willful or wanton disregard of the employer’s interest, from a deliberate violation of the employer’s rules, or from a direct disregard of standards of behavior which the employer has the right to expect from his employees. Pilgrim Manor Nursing Home, Inc. v. Gerace, 337 So.2d 660 (La.App. 3rd Cir.1976) The type of behavior which is considered “willful misconduct” is intentional wrong behavior. Banks v. Administrator of Employment Security, 393 So.2d 696 (La.1981). Because of the beneficial purpose of unemployment compensation, the term “misconduct” should be construed so as to favor the awarding of benefits rather than disqualification.
457 So.2d at 678.
Plaintiff’s conduct did not manifest willful or wanton disregard of the employer’s interest, a deliberate violation of the employer’s rules, or a direct disregard of standards of behavior which the employer has a right to expect from his employees. Plaintiff testified that after a couple of days of attempting to reach Mr. Charvet by telephone, rather than report to his assigned job site one morning, he reported to the *1244 company’s main office hoping to speak with Mr. Charvet. The topic of conversation was to be one involving the employer’s interest. Although plaintiff was absent from his assigned job site, he was not absent from work. He worked the entire day, nine hours, for his employer. Further, the evidence in the record indicates that plaintiff’s supervisor had first hand knowledge of plaintiff’s whereabouts, having seen him on the job.
Plaintiff’s conduct may have been unsatisfactory to his employer, warranting his dismissal from employment. Merely unsatisfactory behavior may not amount to disqualifying “misconduct.” There must be an intent to do wrong. Banks v. Administrator of Employment Security, 393 So.2d 696 (La.1981).
The employer has the burden of proof. Charbonnet v. Gerace, supra. The record before us does not contain any evidence that plaintiff intended to jeopardize his employer’s interest. Without such evidence, a determination to deny plaintiff benefits is unreasonable. If the determination made does not meet “a threshold test of reasonableness”, it is erroneous as a matter of law. Banks v. Administrator of Employment Security, supra; see Faculty Symposium Comment on “Administrative Regulation: Law and Procedure” by Paul R. Baier, 35 La.L.Rev. 349 at 369.
For the foregoing reasons, we find the determination denying plaintiff benefits erroneous as a matter of law, lacking sufficient evidence to support reasonably that determination. We, therefore, reverse the judgment of the district court and render judgment decreeing that plaintiff is not disqualified from receiving unemployment compensation because of misconduct connected with his employment. The matter is remanded to the board of review for it to enter an order in accordance with this opinion. La.R.S. 23:1634.
REVERSED AND REMANDED.