BARRY, Judge.
The State’s Office of Employment Security appeals a district court judgment which reversed the Board of Review’s decision relative to Philip Repath’s claim for unemployment benefits.
The decision of the Appeals Referee which was affirmed by the Board contains the following Findings of Fact:
The claimant worked for the named employer for twenty years as an Engineer, Second Class. He normally worked from Monday through Friday from 6:30 AM to 3:00 PM with a half hour break for lunch. His last day of work was December 30, 1985.
On December 23,1985, a van load of food supplies arrived at approximately 2:30 PM. The food service worker asked the claimant to assist with unloading the van. The claimant refused, telling the food service worker that he had to com- *1273 píete locking up the maintenance department and he was leaving. A few minutes later, the Administrator, Mary Sutton, telephoned the claimant and asked if it was true that he had refused to assist with unloading the van. He informed her that he had and he informed her that he had things to do as he was leaving early. The claimant had compensatory time available to him for having worked overtime on more than one occasion. The claimant left work as planned. He was off work until December 30, 1985. When he returned to work on December 30, 1985, Mary Sutton, Administrator, discharged the claimant for refusing to follow a direct instruction and for giving a key to an unauthorized person.
Ms. Sutton maintained that unloading the food supplies was part of the claimant’s assigned duties as his job description specified that he was to do other duties assigned. The claimant denied the allegation. He agreed that on many occasions he had voluntarily assisted the food service person with unloading the van but did this when he had no other work to do and out of a sense of goodwill; not because it was required. In addition, Ms. Sutton maintained that the claimant gave a key to the premises to his son. The claimant denied the allegation. He maintained that the key had been given to his son many years before by a previous administrator.
The Appeals Referee concluded:
The facts show that the claimant was discharged from employment for alleged failure to carry out instructions and allegedly giving an unauthorized person a key. The employer has failed to substantiate the allegation that the claimant gave an unauthorized person a key. Furthermore, while the employer contends that the claimant failed to following [sic] instructions by not carrying out a work assignment that was part of his assigned duties, the evidence does not substantiate the allegation. On the contrary, when a job description includes other work assigned this is normally interpreted to mean duties related to the primary job of the individual. In this case the duty was in no way related to his primary job. In addition, it cannot be construed that the claimant’s refusal to carry out the assignment was a willful or wanton disregard of the employer’s interest since the claimant had not [sic] way of knowing that this refusal would result in his dismissal. It is concluded that he was discharged from employment but not for misconduct connected with the employment.
An employee is disqualified from benefits if he is discharged for “misconduct connected with his employment.” La.R.S. 23:1601(2). Misconduct in R.S. 23:1601 is used to connote intentional wrongdoing. Banks v. Administrator of the Department of Employment Security, 393 So.2d 696 (La.1981); Jenkins v. Blache, 471 So.2d 909 (La.App. 2d Cir.1985).
[T]he ‘misconduct’ must have resulted from willful or wanton disregard of the employer’s interest, from a deliberate violation of the employer’s rules, or from a direct disregard of standards of behavior which the employer has the right to expect from his employees.
Popularas v. Department of Labor, Office of Employment Security, 488 So.2d 1242, 1243 (La.App. 4th Cir.1986), quoting Charbonnet v. Gerace, 457 So.2d 676, 678 (La.1984).
When willful misconduct is alleged the employer has the burden of proof by a preponderance of the evidence. Caldwell v. Gerace, 378 So.2d 1045 (La.App. 2d Cir.1979).
La.R.S. 23:1634 limits judicial review in unemployment compensation proceedings to questions of law. The fact findings of the Board of Review are conclusive if supported by sufficient evidence, since sufficiency is always a question of law. Charbonnet v. Gerace, supra; Dorsey v. Administrator, 353 So.2d 363 (La.App. 1st Cir.1977), writ denied 355 So.2d 549 (La.1978).
Mary Sutton, the Administrator of St. Elizabeth’s Home operated by Associated Catholic Charities, Inc., testified she fired Repath because he refused to follow *1274 her instruction to assist in the unloading of food supplies and because he gave a key to an unauthorized person.
Repath testified he worked more than twenty years as an engineer-second class at St. Elizabeth’s Home, usually from 8:00 —3:00 p.m. On December 23, 1985 he signed out about 2:30 p.m. in order to run Christmas errands (using accumulated time) when a van arrived with donated food supplies. The food service person asked for help, but Repath declined and advised he had to leave early. He did not have permission since his immediate supervisor was on vacation. Before he left Ms. Sutton called and told him to help, but Repath said it was not his job and he had business to tend to. She replied that he helped in the past, she asked if he were disobeying her order, and Repath answered he was leaving.
Ms. Sutton discovered that Repath’s son (not an employee) had a key to the premises, but conceded she did not know when it was given to him. Repath testified that his son got the key over fifteen years earlier from another administrator when he was employed to take care of the lawn. His son had done renovation work at the home as recently as October, 1983 on a contract basis. Gwen Hejl, Personnel Manager, admitted a prior administrator may have given him the key.
Sandy Zimmer, Personnel Assistant since 1983, stated Repath’s newly revised job description included other jobs as directed by the administrator; however, she knew nothing about the engineer’s job description prior to that time. William Rothermel, the Business Director and Repath’s direct supervisor since 1984, testified that Repath had unloaded the van in the past which was part of his job description.
Repath testified he was in charge of security in addition to his duties as an engineer and often saw keys given to unauthorized persons over his protest. He stated that before December 23, 1985 he had unloaded the van even though it was never part of his job.
Associated Charities had the burden (as the employer) to prove willful and intentional misconduct. The one incident of failing to unload the van does not amount to disqualifying conduct. Nor is there proof that Repath gave his son the key. See Turner v. Brown, 134 So.2d 384 (La.App. 3rd Cir.1961).
Since Repath’s employer failed to carry its burden he is entitled to unemployment benefits. The evidence supports the decision of the agency, the Appeals Referee, and Board of Review.
The scope of appellate review is limited to questions of law if the Board of Review’s findings of fact are supported by sufficient evidence and fraud is not involved. See Wells v. Lockwood, 371 So.2d 1192 (La.App. 1st Cir.1979).
The district court judgment is reversed and the Board of Review decision is reinstated.
REVERSED.