524 So.2d 108 (1988)
Robert POPE, Sr.
v.
George WHITFIELD, Administrator of the Louisiana Office of Employment Security and Westin Canal Place.
No. CA 8475.
Court of Appeal of Louisiana, Fourth Circuit.
April 12, 1988.
*109 Marian M. Hamilton, New Orleans Legal Assistance Corp., New Orleans, for plaintiff/appellee.
James A. McGraw, B.J. Francis, Denise A Nagel, Vivian Broussard Guillory, Frank T. Scott, Jr., Ollivette Mencer, Sandra A. Broussard, Office of Employment Sec., Baton Rouge, Andrew P. Burnside, McCalla, Thompson, Pyburn & Ridley, New Orleans, for defendant/appellant.
Before SCHOTT, WARD and ARMSTRONG, JJ.
SCHOTT, Judge.
Plaintiff is seeking unemployment compensation. After being disqualified for benefits at the agency level he appealed to the appeals tribunal. Following a hearing, an appeals referee affirmed the disqualification. The Board of Review affirmed the referee's decision, and plaintiff filed a petition for judicial review. The district court reversed the decision of the Board of Review and declared plaintiff eligible for unemployment compensation, and the employer appealed to this court. The sole issue is whether the trial court's action constitutes an independent factual determination beyond the scope of judicial review in unemployment compensation proceedings.
Plaintiff was employed in the housekeeping department of a hotel. On August 26 and 27, 1986 he actually reported for work at 12:30 a.m. but on both days time sheets which he filled out and signed showed his time of arrival to be 11:00 P.M. The hotel had a policy providing for immediate dismissal of any employee who made incorrect entries on time cards. Plaintiff was aware of this policy, having received and signed for a copy of it when he was employed in December, 1985. He was discharged by the hotel on September 2, 1986, for falsifying his payroll records. These facts are undisputed.
When plaintiff initiated his claim he stated that he did not falsify the records but that he accidentally put the wrong time on the sheets. At the hearing before the referee he testified, "it was a total accident". He stated that he had "nothing to gain out of cheating a time-payroll" and blamed the "accident" on fatigue from holding two jobs.
The appeals referee made the following determination:
"The facts as presented clearly show that the claimant was discharged for violation of a company policy of which he was aware. His actions were contrary to the best interests of the employer and a disqualification is warranted."
At the judicial review hearing before the district judge he stated:
The employer's position is that the claimant falsified his payroll records. The claimant testified he made an honest mistake. The claimant's explanation is worthy of belief and reasonable. The timesheet entry could have been falsified with the intent to defraud the claimant's employer. A reading of the entire record does not lend itself to that conclusion.
In judicial review proceedings the findings of the board of review as to the facts, if supported by sufficient evidence *110 and in the absence of fraud, shall be conclusive. LSA-R.S. 23:1634; Washington v. Sumrall, 457 So.2d 50 (La.App. 4th Cir. 1984). Assessment of a witness's credibility is the function of the board and not the court in the exercise of judicial review.
In this case the appeals referee as the board's fact finder had to conclude that plaintiff deliberately falsified the time sheets and that he did not accidentally put the wrong time down on two successive days as he stated. The referee didn't accept plaintiff's absurd statement that he had nothing to gain by giving himself credit for three hours he did not work. The trial judge exceeded his authority by rejecting the board's negative assessment of the plaintiff's credibility and substituting his own independent assessment.
Plaintiff contends that the trial court's action was supported by the statute because the board's findings are not "supported by sufficient evidence". However, plaintiff does not dispute that the court must accept the board's credibility determinations and he does not suggest what additional evidence was required to support the board's decision once plaintiff's "total accident" explanation was rejected. Plaintiff picks at some irregularities on his time cards and some vague statements made by the employer's witnesses at the hearing but none of these constituted a significant factor in the case.
Finally, plaintiff contends his disqualification from benefits was unwarranted because his conduct did not manifest willful or wanton disregard of the employer's interest. He would concede that his conduct was unsatisfactory to the employer but he maintains that it did not rise to the level of disqualifying misconduct. In support of this argument he relies on such cases as Charbonnet v. Gerace, 457 So.2d 676 (La.1984), where a strike by FAA air traffic controllers was found not willful because they were justified in believing a strike was authorized by their collective bargaining agreement; Popularas v. Department of Labor, 488 So.2d 1242 (La. App. 4th Cir.1986), where employee's conduct in absenting himself from his assigned job site in order to speak to the supervisor on a topic involving the employer's interest did not manifest willful or wanton disregard for the employer's interest or a deliberate violation of the employer's rules; Simmons v. Gerace, 377 So.2d 407 (La. App.2d Cir.1979), where inadequate job performance, errors in judgment, some inability to supervise inferior personnel, and some negative personality traits did not constitute deliberate and willful misconduct; and Louisiana Hospital Service, Inc. v. Bookter, 317 So.2d 282 (La.App. 1st Cir.), writ denied 320 So.2d 561 (La.1975), where failure to clock out on a single occasion was a violation of a company policy but it was common practice for the superior in such cases to fill in the time of departure, such failure did not constitute disqualifying misconduct.
Unlike these cases, plaintiff was discharged because he deliberately falsified (as found by the Board's referee) his time sheets on two occasions which would have resulted in his getting credit for an extra three hours of work had the falsification gone undetected in the face of a written policy given to and acknowledged by him when he was hired that such conduct would subject him to immediate termination. This is not merely unsatisfactory job performance. This was deliberate violation of the employer's rules constituting willful misconduct supporting disqualification for unemployment compensation benefits.
This case is likewise distinguishable from Banks v. Administrator of Dept. of Employment, 393 So.2d 696 (La.1981) where the court found no intentional wrong doing because there was no evidence that the claimant was ever told her method of reporting absences was faulty or that repetition would result in her discharge. Here the claimant falsified his time sheets in the face of a written policy which made such conduct a basis for automatic dismissal.
Accordingly, the judgment appealed from is reversed and set aside and there is judgment dismissing plaintiff's petition for judicial review and reinstating the decision of the Board of Review of the Office of Employment *111 Security disqualifying plaintiff for unemployment compensation benefits.
REVERSED AND RENDERED.