MARVIN, Chief Judge.
The claimant-appellant, here seeking unemployment compensation, was fired by his employer after testing positive for cocaine use pursuant to the employer’s written policy that required all employees to be tested and any employee who tested positive to be fired, whether or not the use of the drug occurred on the job.
The Office of Employment Security (OES) found that the employee, Johnson, was discharged for misconduct connected with his employment and denied his claim for benefits. LRS 23:1601(10). The district court agreed.
We affirm.
Johnson knew about his employer’s written drug policy and further admits using marijuana and cocaine about a month before being tested. He contends, as he did before each reviewing tribunal below, that his violation of the written policy is not legally disqualifying misconduct because he presented evidence that his employer’s personnel manager had orally modified the written policy to allow employees who failed the first drug test a “second chance,” which he was not given before he was discharged.
We review the facts found by the administrative law judge (AU) in the OES *583 appeals tribunal, without disturbing the ALJ’s weighing of the evidence and assessment of witness credibility, to determine whether the factual findings are supported by competent evidence and whether they justify Johnson’s disqualification from benefits as a matter of law. Black v. Sumrall, 413 So.2d 252 (La.App. 4th Cir.1982); Lewis v. Administrator, 540 So.2d 491 (La. App. 1st Cir.1989).
We find the evidence legally sufficient in both respects.
SUFFICIENCY OF EVIDENCE
Johnson’s disqualification is founded on this portion of LRS 23:1601:
An individual shall be disqualified for benefits: ...
(10)(a) If the administrator finds that he has been discharged ... for the use of illegal drugs. For the purposes of this Paragraph, misconduct shall include discharge for either on or off the job use of a nonprescribed controlled substance ... In order to support disqualification for drug use under this provision, the employer must prove the employee's use of the controlled substance only by a preponderance of the evidence. In meeting this burden, the only results of employer-administered tests that shall be considered admissible evidence are those that are the result of the testing for drug usage done by the employer pursuant to a written and promulgated substance abuse rule or policy established by the employer....
Johnson’s former employer is Louisiana Pacific Corporation. LPC’s written drug policy, of which Johnson was aware, provides in part:
The illegal use, sale or possession of narcotics, drugs or controlled substances, whether on or off the job, is strictly prohibited_ As a condition of employment all employees, both salaried and hourly will be asked from time to time to take a urinalysis test.... A positive test will result in the employees [sic] termination.
Johnson does not dispute that LPC proved by competent evidence, through the testimony of LPC’s personnel manager, Boucher, that Johnson violated the written drug policy. Instead, he complains that the ALJ “ignored” his evidence that the written policy had been orally modified -by Boucher.
Johnson and another former LPC employee testified that Boucher had told them that if they “put their name on his list” they would not be fired for their first positive drug test but would be given a second chance and would not be fired even if their second test was positive as long as the second test was “lower than the first test.” According to another employee, who still works for LPC, Boucher “made it sound like ... we did have a second chance ... if [we] did test positive ... It might not have been that way, but that’s the way it sounded when we talked to him.”
Johnson, who represented himself at the hearing before the ALJ, first attempted to ask Boucher about the alleged oral policy during Johnson’s closing remarks. The AU instructed Johnson to direct his closing remarks to the court. Johnson contends he was deprived of the opportunity to question Boucher. He also complains that the ALJ would not allow one of his witnesses, Booker, to add something to his testimony when Booker asked the judge if he could “say one [more] thing” after Johnson said he had no other questions of Booker. Johnson apparently believes that Booker, who still works for LPC, also tested positive for drug use, although Johnson said in his closing remarks that he did not know whether Booker tested positive or negative. When Johnson questioned his witnesses about the alleged “second chance” policy, he did not ask either of them whether they were tested for drug use and if so, what their test results were.
The record, taken as a whole, shows that Johnson had, but did not exercise, the opportunity to question Boucher about, and to question his own witnesses more thoroughly about, the alleged “second chance” modification of policy before Boucher and Johnson made their closing remarks. We *584 do not find that Johnson was deprived of a fair hearing, as he argues.
By affirming the agency’s determination that Johnson’s violation of LPC’s written drug policy constituted disqualifying misconduct, the ALJ implicitly gave little or no weight to Johnson’s contention that the written policy had been orally modified. Boucher was not squarely asked about verbal modification, but his remarks impliedly negated such modification. Under the limited scope of our judicial review we do not reassess the weight of the evidence before the ALJ. Pope v. Whitfield, 524 So.2d 108 (La.App. 4th Cir.1988).
Johnson’s violation of the written policy was proved by competent evidence and is statutorily defined as disqualifying misconduct in LRS 23:1601(10), quoted above. Under these circumstances, the specific statute directs that we do not assess Johnson’s conduct liberally in keeping with the act’s purpose, as we do in cases where the disqualification arises under § 1601(2), which is the general statutory provision directing disqualification only for “misconduct connected with [the] employment.” See and compare Dawkins v. Sumrall, 424 So.2d 407 (La.App. 2d Cir.1982) and Charbonnet v. Gerace, 457 So.2d 676 (La.1984).
DECREE
We affirm the district court judgment upholding Johnson’s disqualification and assess him with costs of the appeal.
AFFIRMED.