# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

## 05-1264

SYLVIA PICOU

VERSUS

TRUSSCO, INC.

************

APPEAL FROM THE
FOURTEEN JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2004-004833, DIV. "H"
HONORABLE ALCIDE J. GRAY, DISTRICT JUDGE

************

JAMES T. GENOVESE
JUDGE

************

Court composed of Sylvia R. Cooks, Billy H. Ezell, and James T. Genovese, Judges.

**AFFIRMED.**

Robert G. Nida
Gold, Weems, Bruser, Sues & Rundell
2001 MacArthur Drive
P.O. Box 6118
Alexandria, Louisiana 71307-6118
**COUNSEL FOR PLAINTIFF/APPELLEE**:
    Sylvia Picou

Amelia Williams Koch
Baker, Donelson, Bearman, Caldwell, & Berkowitz, PC
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana, 70170
**COUNSEL FOR DEFENDANT/APPELLANT**:
    Trussco, Inc.

Cynthia Batiste
Louisiana Department of Labor, Legal Division
1001 North 23rd Street
Baton Rouge, Louisiana 70804-9094
**COUNSEL FOR DEFENDANT/APPELLEE:**
    Louisiana Department of Labor, Office of Regulatory Services

**GENOVESE, Judge.**

Defendant appeals the district court's judgment awarding Plaintiff unemployment compensation benefits. For the following reasons, we affirm.

## FACTS

Plaintiff, Sylvia Picou (Picou), commenced employment with Defendant, Trussco, Inc. (Trussco), on March 14, 2002, where she worked until she was terminated on March 22, 2004 for violation of company policy regarding confidentiality. On March 23, 2004, Picou filed a claim for unemployment benefits with the Louisiana Department of Labor which was denied. Picou appealed the decision, and the matter went before an Administrative Law Judge (ALJ). On June 21, 2004, the ALJ upheld the agency determination finding Picou's actions to be misconduct connected with her employment as set forth in La.R.S. 23:1601(2). Picou then appealed to the Board of Review. On August 9, 2004, the Board of Review issued its decision affirming the ALJ, and Picou then appealed to the Fourteenth Judicial District Court in Calcasieu Parish. On May 26, 2005, the district court reversed the decision of the Board of Review and awarded Picou unemployment benefits. Trussco appeals.

## ISSUES

The following issues are presented by Trussco for our review:

1. Whether the district court exceeded its authority by making factual determinations regarding the termination of Picou's employment with Trussco.

2. Whether the record establishes that Picou committed misconduct related to her employment and is not entitled to unemployment benefits.

## DISCUSSION OF THE RECORD

The record reveals that Picou was employed by Trussco as an administrative

assistant in Cameron, Louisiana. The office where Picou worked was a trailer which she shared with Clifton Hebert (Hebert), Trussco's Manager, and Picou's supervisor. The office had one computer which was located in Hebert's office. According to Picou, she was directed to share Hebert's computer until she was provided one of her own. Picou stated she knew Hebert's password, and routinely accessed his e-mail system in the course of performing her work.

On March 9, 2004, while using the computer, Picou accessed e-mail which Hebert had sent to Trussco's President and Chief Financial Officer regarding Picou's attendance at work. Picou printed two e-mails, wrote her own comments on them, and faxed them to Lamar Hutchinson (Hutchinson), Trussco's Safety and Risk Management Director. When Trussco became aware of how Picou had obtained the e-mail, her employment was terminated.

Trussco asserts that Picou, after learning that her supervisor was reporting attendance problems to the company president, went into Hebert's office without authorization, accessed his computer, and searched through and read Hebert's private e-mail. Trussco further contends that Picou's actions of forwarding copies of the e-mail to Hutchinson constituted misconduct warranting her termination and that Picou should be disqualified from receiving unemployment benefits. We disagree.

## LAW AND ARGUMENT

This court, in *Harville v. ConAgra Poultry Company*, 99-773, p. 3 (La.App. 3 Cir. 11/24/99), 768 So.2d 42, 44-45, discussed employee misconduct and judicial review in unemployment cases wherein it stated:

> An employee may be denied benefits for "misconduct connected with his employment. Misconduct means mismanagement of a position of employment by action or inaction, neglect that places in jeopardy the lives or property of others, dishonesty, wrongdoing, violation of a law,

2

or violation of a policy or rule adopted to insure orderly work or the safety of others." La.R.S. 23:1601(2)(a). As stated in *ConAgra Broiler Co. v. Gerace*, 95-41, p. 3 (La.App. 3 Cir. 5/31/95); 657 So.2d 391, 393, "[t]he party alleging misconduct must prove that it has occurred by a preponderance of the evidence. Judicial review of unemployment compensation cases is limited to a determination of whether the Board's findings of fact are supported by sufficient evidence and whether these facts warrant the Board's decision as a matter of law." (Citation omitted).

Not every act of misconduct is sufficient grounds for denying an individual benefits. As stated in *Charbonnet v. Gerace*, 457 So.2d 676, 678 (La.1984), "the 'misconduct' must have resulted from willful or wanton disregard of the employer's interest, from a deliberate violation of the employer's rules, or from a direct disregard of standards of behavior which the employer has the right to expect from his employees."

The district court first considered whether or not Picou's actions constituted a violation of Trussco's confidentiality policy and concluded that "[t]he actions of the Plaintiff were not in violation of the Confidentiality Policy." We agree.

Trussco's confidentiality policy contained the following relevant provisions:

The Company is protective of its confidential, proprietary and business information. During the course of employment, employees may gain access to, obtain or generate confidential information. Confidential information includes, but is not limited to, financial information, trade secrets, computer software, technical information, research and development, product information, process, customer lists, customer data, pricing information, sales information, marketing information, purchasing information, inventory information, data processing, processes, formulas and matters that are sensitive, business, proprietary and confidential in nature.

Employees are prohibited from disclosing or disseminating to any unauthorized person and/or to any person outside of the Company confidential information. This confidentiality obligation exists during the term of any employee's employment and continues after any separation from employment. Employees are also prohibited from using for their own interest or for the interest of others confidential information of the Company.

. . . .

Any and all information or documentation pertaining to the Company and are accessed during the course of employment must be held in strict

3

confidence. This includes, but is not limited to, documents, financial information, personnel information, customer information, methods and procedures, personnel matters or any other proprietary or confidential information. Any request for information in the nature described above should be immediately reported to the President of the Company. If any employee is unsure whether or not information is confidential or should not be disclosed they should immediately ask their Supervisor for further instruction.

After considering Trussco's confidentiality policy provisions, the district court set forth the following thorough and well-written reasons which we adopt herein as our own:

> By its own terms, the Trussco, Inc. confidentiality policy is intended to address the release of confidential information to persons outside the company. The policy acknowledges that employees will have access to the confidential information, but any release of that information outside the company would be considered a violation. In this suit, the Plaintiff did not release any information outside the company. Based on the facts, as affirmed by the board of review, the Plaintiff accessed the e-mail account of another employee on a shared computer, she then commented internally upon the information. Administrative Law Judge Penny Palermo found specifically that the Plaintiff "was discharged from the employment when she violated the employer's policy regarding confidentiality by accessing another employee's e-mail and using that information for personal purposes," which she stated in her June 21st, 2004 opinion. Under the findings of fact, the decision of the administrative law judge acknowledged that the Plaintiff and her supervisor shared a computer, an e-mail and its password.

> On its face, the confidentiality policy does not limit the ability of employees to access confidential information. In addition, dissemination of information within the company is not misconduct based upon the provisions of the Trussco confidentiality policy. The policy does not provide for confidentiality between employees regarding the e-mail system. The policy does, however, state that an employee can not use confidential information for their own interest. However, this provision is contained in paragraph two of the confidentiality policy, which if read in its entirety, states that the employee should not release confidential information to any unauthorized person or anyone outside the company. The tenor of this paragraph is to prohibit employees from releasing confidential information regarding the company. In this case the information was used by the Plaintiff for her own interest, but it was not released outside the company or to anyone who was unauthorized to review the information.

4

The district court, therefore, concluded that the actions of Picou were not in violation of Trussco's confidentiality policy and that Picou "should not be denied unemployment benefits based upon misconduct, for violation of the Trussco confidentiality policy." We agree.

Though we agree with the district court that Picou's actions did not violate Trussco's confidentiality policy, we must also address whether Picou's actions constituted misconduct as set forth in La.R.S. 23:1601(2)(a). Louisiana Revised Statute 23:1601(2)(a) provides, in pertinent part, as follows:

> (2)(a) If the administrator finds that he has been discharged by a base period or subsequent employer for misconduct connected with his employment. Misconduct means mismanagement of a position of employment by action or inaction, neglect that places in jeopardy the lives or property of others, dishonesty, wrongdoing, violation of a law, or violation of a policy or rule adopted to insure orderly work or the safety of others.

However, in addition to the above statutory definition, to establish "misconduct" on the part of an employee, the employer must show "willful and wanton" conduct. This court explained in *Harsco Corp. v. Victoria*, 01-1486, p. 3-4 (La.App. 3 Cir. 3/20/02), 812 So.2d 871, 874, "'misconduct' still requires intentional wrongdoing or negligence to such an extent as to manifest culpability or a showing of intentional and substantial disregard for the employer's interest." (citing *Gobert v. La. Dep't of Employment Sec.*, 94-1018 (La.App. 3 Cir. 3/8/95), 651 So.2d 508; *Taco Bell Corp. v. Perkins*, 95-225 (La.App. 5 Cir. 9/26/95), 662 So.2d 34; *Wood v. La. Dep't of Employment Sec.*, 25,545 (La.App. 2 Cir. 2/23/94), 632 So.2d 899; *Emke v. Mouton*, 617 So.2d 31 (La.App. 4 Cir.1993); *Hardeman v. Blache*, 605 So.2d 671 (La.App. 2 Cir.1992)).

Considering the record and applicable jurisprudence, we agree with the district

5

court that:

> the actions of the Plaintiff were not a willful or wanton disregard for the employer's interests or a direct disregard of the standards that an employer has a right to expect from employees. Once again, pointing to the facts as determined by the administrative law judge, the [P]laintiff shared the computer and the e-mail system. The Plaintiff's access to her supervisor's e-mail was not a disregard for the employer's interests. In addition, the Plaintiff's review of the supervisor's sent e-mail correspondence was not sub-standard conduct. The Plaintiff was expected to use and communicate with other employees on the e-mail system.

Additionally, "[b]ecause of the beneficial purpose of unemployment compensation, the term 'misconduct' should be construed so as to favor the awarding of benefits rather than disqualification." *Charbonnet v. Gerace*, 457 So.2d 676, 678 (La.1984).

In order for Picou to do what she did, she had to have had access to Hebert's computer, and she had to know Hebert's password. She had been using Hebert's computer, which was the only computer in the office. She also had use of the e-mail system to perform her job duties since she had not yet been provided a computer of her own. Therefore, Picou's actions of accessing Hebert's computer and his e-mail was not in disregard for Trussco's interest. Rather, as the district court concluded, "[t]he Plaintiff was expected to use and communicate with other employees on the e-mail system." Certainly, the requisite element of any intentional wrongdoing on the part of Picou is lacking. Based on the foregoing, we do not find that Picou's actions constituted misconduct under La.R.S. 23:1601(2), thereby precluding her from receiving unemployment compensation benefits.

### DECREE

For the foregoing reasons, the judgment of the district court is affirmed. It is ordered, adjudged, and decreed that the Louisiana Board of Review for the Office of Regulatory Services issue an order directing payment to Sylvia Picou of the

6

unemployment benefits to which she is entitled. La.R.S. 23:1634(B). All costs of this appeal are assessed to Defendant/Appellant, Trussco, Inc.

**AFFIRMED.**