LABORDE, Judge.
The claimant, Fredia Raymond, seeks judicial review of an administrative agency denial of unemployment benefits. The Office of Employment Security for the Louisiana Department of Labor (the Department) determined that the claimant had been discharged for misconduct connected with her employment pursuant to LSA-R.S. 23:1601(2) and, therefore, denied unemployment benefits. Claimant appealed and the Administrative Law Judge affirmed the Department’s determination that claimant was disqualified from receiving benefits. The decision of the Administrative Law Judge was reaffirmed by the Board of Review and by the district court. Claimant has appealed the district court’s judgment. We reverse.
FACTS
The findings of fact made by the Administrative Law Judge are as follows:
“The claimant worked for Jeanerette Mills from January 19, 1976, until August 10, 1987. She worked as a seamstress earning an hourly productive average of $6.73. The claimant was scheduled to work from 7:00 a.m. to 4:45 p.m., from Monday through Friday, and Saturday from 7:00 a.m. to 11:00 a.m. On May 4, 1987, the claimant and the other sew elastic seamstresses attended a meeting where they were explained the function of the new auditor position. They were also informed that they must immediately repair any garments that were brought to them by the auditor or the examiner and return these immediately upon completion of the repair. The claimant and the examiner, Lana McGee, had a personality conflict and occasionally became involved in arguments. On August 10, 1987, the claimant and Lana McGee became involved in an argument concerning the claimant’s not immediately returning her repairs to the examiner. The claimant had not immediately returned her repairs because she was having problems with her machine and wanted to check the entire bundle for popped stitches before the whole bundle was rejected by the examiner. The claimant and the examiner were called in to the office and the claimant was discharged by Ronnie Champagne, Assistant Manager, for not immediately returning her repairs as instructed and arguing with the examiner. The claimant was aware of the rules.”
These findings were adopted by the Board of Review.
Pursuant to LSA-R.S. 23:1634, if sufficient evidence exists and there is no presence of fraud, the findings of fact by the Board of Review are conclusive and judicial review is limited to questions of law. Hypolite v. Blache, 482 So.2d 940 (La.App. 3d Cir.), writ denied, 485 So.2d 65 (La.1986). In the case sub judice, the record discloses sufficient evidence to support the findings of fact by the Administrative Law Judge, and there is no allegation of fraud. Thus, we must determine if the claimant is entitled to unemployment compensation benefits, under the established facts, as a matter of law.
DISQUALIFYING MISCONDUCT
Under the provision of LSA-R.S. 23:1601(2), an individual shall be disqualified from unemployment compensation benefits, “[i]f the administrator finds that he has been discharged ... for misconduct connected with his employment.” The Louisiana Supreme Court in Charbonnet v. Gerace, 457 So.2d 676, 678 (La.1984), strictly construed the definition of “disqualifying misconduct” as follows:
“... the ‘misconduct’ must have resulted from willful or wanton disregard of the employer’s interest, from a deliberate violation of the employer’s rules, or from a direct disregard of standards of behavior which the employer has the right to expect from his employees.”
Furthermore, the Court in Banks v. Administrator of Dept. of Employment, 393 So.2d 696 (La.1981), held that the term “misconduct” means intentional wrongdoing. Thus, an employee’s performance can be unsatisfactory to the employer without being disqualifying misconduct. Banks, supra. Furthermore, the employer has the *846 burden of proving misconduct of such grievous nature to disqualify the claimant from receiving benefits under the act. Payne v. Antoine’s Restaurant, 217 So.2d 514 (La.App. 4th Cir.1969).
There is no evidence in this case that claimant was engaged in deliberate conduct intended to harm the interest of her employer. She testified that she was attempting to make the repairs as requested, but due to her machine malfunctioning, the stitches on her garments were popping. Claimant further testified that she did leave the repairs momentarily, but only to check her other bundles of garments for popped stitches. Claimant knew that bundles with popped stitches would be returned and that she would have to sew the garments again. Under these circumstances, claimant decided that checking her entire bundles should come ahead of making immediate repairs. This action, although inconsistent with the expectations of her supervisor, probably saved her employer time and money, as the claimant did not allow bundles of garments with faulty stitches to pass through for examination.
In Hypolite, supra, we held that an employee’s decision not to immediately clean his knitting machines as ordered by his supervisor, in order to attempt to meet a production quota, while an exercise of poor judgment, was not an act of disqualifying misconduct within the meaning of R.S. 23:1601(2) as a matter of law.[1] In Hypol-ite, we stated:
“We accept as a matter of fact that claimant did fail to follow a direct order of his supervisor, but note that claimant deemed his course of behavior necessary under the circumstances to comply with what he perceived as a superseding responsibility. Erroneous or not, the claimant’s decision not to immediately clean his machine was an exercise of poor judgment, not an act constitutive of misconduct as the word has been consistently construed.”
Id. at 942.
Similarly, in the instant case, claimant’s failure to follow her supervisor’s order does not constitute disqualifying misconduct within the meaning of R.S. 23:1601(2) as a matter of law. Thus, claimant was improperly denied unemployment compensation benefits to which she is entitled.
For the above and foregoing reasons, the judgment of the district court denying claimant unemployment benefits is reversed. Costs of this appeal are assessed to Union Underwear Company D/B/A Jeanerette Mills, Inc.
REVERSED.

. In Hypo lite, we were guided to our conclusion, in part, because the Department pleaded in its answer to claimant’s petition to the district court that the decision of the Board of Review be reversed. Similarly, in the instant case, the Department, in brief, argued that the Board erred as a matter of law in finding that the claimant was disqualified from receiving unemployment compensation benefits.