hLABORDE, Judge.
Defendant-employer appeals the grant of unemployment benefits to its former employee, Cathy Matthews by the Board of Review, which decision was affirmed by the trial court. After reviewing the record, we affirm, finding no manifest error committed by the trial court.
PACTS
Initially, the Office of Employment Security for the Louisiana Department of Labor denied claimant’s application for unemployment benefits, finding that she had been discharged for misconduct connected to her employment pursuant to LSA-R.S. 23:1601(2). Claimant appealed this decision, and the Administrative Law Judge affirmed the Department’s denial of benefits.
Claimant further appealed, and both the Board of Review and the district court reversed the ALJ. The Board of Review found the facts to be as follows:
| aThe claimant worked for the named employer from May 16, 1988 until April 1, 1992. She performed the duties of a clothes sleeve sewing machine operator and was paid $7.85 an hour based upon production. The claimant reported to work at 7:00 a.m. and worked until 3:45 p.m., Monday through Friday with occasional overtime. Since working with the named employer, she was aware of the procedures and policies established by the named employer concerning production. On March 27,1992, the claimant received a demerit because a defect had been found in her work that she has sewn. The defect was found by Sharon Sandoze, Quality Auditor, while the claimant was changing thread in her machine as her thread had broken. Ms. Sandoze approached the claimant with a certificate to sign noting an error or defect in her work because of an open seam. She was required to go through the entire bundle she had sewn to cheek for other defects.
This process usually cost the sewing machine operator from 15 to 20 minutes. When the claimant refused to sign the certificate, Ms. Sandoze took the claimant to Val Oliver, instructor. The instructor asked the claimant to sign the certificate to indicate that she was aware of the error and to follow the correct procedure. Again, the claimant refused to sign the ticket. The instructor then reported the matter to the sewing room supervisor who, in turn, approached the claimant to sign the ticket. She was told that no disciplinary action would be taken against her if she would sign the ticket. The claimant refused to sign the ticket as she did not feel responsible for the error as the thread had broken in her machine. The sewing room supervisor, in turn, informed the assistant plant manager, Ronnie Champagne, about the incident. The claimant was called into the assistant plant manager’s office. Mr. Champagne explained the process to the claimant. Once again the *655 claimant refused to sign the certificate and explained her reasons for refusal. The matter was brought to the attention of Charles Marx plant manager. She was threatened by management that if she refused to sign the ticket, she could face discharge. The claimant again refused to sign the ticket stating her reasons for refusal. On April 1, 1992, the claimant was told by Ms. Champagne that she was being discharged due to insubordination for her failure to sign the certificate.
LAW
Under R.S. 28:1684, if sufficient evidence exists and there is no presence of fraud, the findings of fact by the Board of Review are conclusive and judicial review is limited to questions of law. Raymond v. Office of Employment Sec., 551 So.2d 844, 845 (La.App. 3 Cir.1989). As the record reveals sufficient evidence to support the findings of fact of the Board of Review, and there is no allegation of fraud, we must determine whether claimant is entitled to unemployment compensation benefits as a matter of law.
An individual shall be disqualified from receiving unemployment compensation benefits if the administrator finds that lahe had been discharged for misconduct connected with his employment. R.S. 23:1601(2); Operators, Inc. v. Comeaux, 579 So.2d 1228 (La.App. 3 Cir.1991). The misconduct must result from willful or wanton disregard of the employer’s interest, willful violation of the employer’s rules, or from direct disregard of behavioral standards the employer has the right to expect. Operators, supra.
In determining whether the violation constitutes disqualifying misconduct, one must look to the nature of the violation with due consideration of the factors which enter into the proper conduct of the employer’s business. Hardeman v. Blache, 605 So.2d 671 (La.App. 2 Cir.1992). An employee’s performance can be unsatisfactory to the employer without being disqualifying conduct. Raymond, supra, at 845. The employer has the burden of proving willful misconduct by a preponderance of the evidence. Raymond, supra; Operators, supra.
In its review of the claim, the trial court found that there was legal and competent evidence to support the factual findings of the Louisiana Board of Review, citing Schlesinger v. Administrator of Office Employment Sec., 583 So.2d 100 (La.App. 3 Cir.1991). We find no error in the trial court’s decision. Jeanerette Mills has not satisfied its burden of proof in the instant case. Although claimant did not follow her employer’s procedure for certifying substandard work, she believed her failure to sign the certificate was justified, but that she was being penalized for a mechanical malfunction with her machine. Claimant had previously signed other certificates when she felt that she had been at fault.
DECREE
The judgment of the trial court is affirmed. Costs assessed to plaintiff-appellant, Jeaner-ette Mills.
AFFIRMED.