ARMSTRONG, Judge.
New Orleans Public Service, Inc. (NOPSI) is appealing the trial court’s judgment finding that its former employee, Sylvia French, was not disqualified from receiving unemployment compensation benefits. We affirm the trial court’s decision.
The claimant, Sylvia French, was employed by NOPSI for approximately fourteen years until April 28, 1987. At the employer’s request, on April 27th, Ms. French reported to work early, as had most employees to ensure that the new office the company had moved into would be functional by April 28th.
Wall-clocks had not yet been installed in the new offices. French shared her office with John Murphy who had two clocks in the office. When those clocks showed that it was the end of the workday, French and John Murphy checked the time with Jeff Cempard who confirmed that it was 5 p.m. French proceeded to leave the workplace.
After French, Murphy and Cempard left, Baynard (NOPSI manager) noticed the darkened office. Baynard went to the office of Ms. Leslie Gauthier, (Director of Budget & Forecasts) and asked her what time she had. Her clock said 4:53 p.m. Although the employees had reported to work early they were apparently expected to work until 5:00 p.m.
When French returned to work on April 28th, Baynard told her that she left 10 minutes early the day before. He also told her that she was the only employee who left early. French attempted to explain that two clocks showed 5:00 p.m. Baynard responded that it was French’s responsibility to know the correct time when she was leaving. When French asked John Murphy to corroborate some of the facts that happened the day before, Baynard told him not to say anything because the matter did not involve him.
At approximately 4:15 p.m. on April 28th, French was called into Gauthier’s office and was advised to go home. When French tried to explain, Gauthier responded that she was not going to discuss the matter. At this time French responded in a loud tone of voice demanding to give her side of the story. Testimony by Baynard, as indicated by the administrative hearing, was that French became loud and abusive and that she made personal remarks about Baynard. The record also indicates that French later apologized for losing her temper.
The personal file of French showed two previous reprimands. In December of 1986, French was suspended for five days. At this time Baynard reported that Ms. French was abusive to him on the telephone when he called to obtain details of her illness and treatment. This allegation was denied by French.
The other reprimand was in July of 1986. At this time, French was reprimanded for wasting time on the job.
On May 29,1987, French filed a claim for unemployment compensation benefits. The Office of Employment Security mailed a notice of Claim Determination which stated that French was disqualified for benefits pursuant to La.R.S. 23:1601(2) for misconduct connected with her employment, because of her insubordination towards her employer/supervisors.
French appealed the disqualification and a hearing was conducted on June 24, 1987. On June 30, 1987 the Appeals Referee affirmed the determination of the agency disqualifying the claimant pursuant to La.R.S. 23:1601(2), because of her insubordination. On August 7, 1987, The Board of Review for the Office of Employment Security affirmed the decision of the Appeals Referee disqualifying the claimant from receiving benefits.
*979 On September 29, 1988 the trial court, sitting as a court of judicial review, rendered a judgment reversing the Board of Review and qualified French for benefits. The trial court enumerated four instances of discriminatory treatment that were testified to in the administrative record. The four instances were: 1) French testified that everyone else went to lunch early, her lunch was 1:30-2:30 p.m.; 2) Every employee had 20 minute breaks. For one year Ms. French was required to ask Baynard, “May I go out for a break?” 3) Gauthier, one of her managers, made a point of standing near French’s desk to supervise her phone calls and 4) When the unit moved to new offices, French was the only employee who did not have a telephone.
The trial court held that it could find no fault with French’s attempts to explain the incident of April 27, 1987. When her supervisors refused to listen, she became upset and lost her temper. The trial court concluded that this behavior did not constitute the sort of insubordination which rises to the level of misconduct within the meaning of La.R.S. 23:1601(2).
On appeal NOPSI argues that: 1) The trial court erred in finding that the decision of the Board of Review was not supported by sufficient evidence and; 2) The trial court erred in finding French not guilty of misconduct connected with her employment.
La.R.S. 23:1601 provides that an individual shall be disqualified for benefits if the administrator finds that he has been discharged for misconduct connected with his employment. In an umemployment compensation proceeding in which willful misconduct is alleged, the employer has the burden of proving the misconduct by a preponderance of the evidence. La.R.S. 23:1601(2).
In the absence of fraud, the findings of the Board of Review are conclusive as to the facts of the case, thus limiting judicial review to questions of law. Cox v. Lockwood, 373 So.2d 246, 254 (La.App. 4th Cir.1979). Dorsey v. Departmnet of Employment Security, 353 So.2d 363 (La.App. 2d Cir.1977) rehearing denied, writ denied, 355 So.2d 549 (La.1978); see also La.R.S. 23:1634. In the present case the issues to be determined are questions of law. Questions of law are not precluded from our examination of the Board’s conclusion.
Misconduct has been defined as “an act of wanton or willful disregard of the employer’s interest, [or] a deliberate violation of the employer’s rules ...” Horns v. Brown, 243 La. 936, 148 So.2d 607, 609 (1963). The testimony at the administrative hearing sufficiently supports that French did not intentionally violate her employer’s rules. French’s position is that she reasonably believed she was departing work on April 27th at 5:00 p.m. Contradictory evidence exists as to whether French insulted Baynard. Hearsay evidence is not competent to overcome an employee’s direct contradictory testimony. Credit v. Whitfield, 488 So.2d 1064 (La.App. 2d Cir.1986).
The evidence indicates that there were personal differences between French and her supervisors Baynard and Gauthier. Personal differences are a sufficient reason for the employer to terminate an employee. However, personal differences do not justify a finding of willfull and deliberate misconduct that will disqualify an employee from receiving unemployment benefits as provided by La.R.S. 23:1601. See also Dawkins v. Sumrall, 424 So.2d 407, 409 (La.App. 2d Cir.1982).
We conclude that the trial court did not err in finding that the evidence was insufficient to support the Board of Review’s opinion or ruling related to questions of law.
For the foregoing reasons, we affirm the trial court’s judgment.
AFFIRMED.