617 So.2d 31 (1993)
Albert J. EMKE
v.
Phyllis MOUTON, Administrator of the Louisiana Office of Employment Security.
Nos. 92-CA-1560, 92-CA-1561 and 92-CA-1562.
Court of Appeal of Louisiana, Fourth Circuit.
March 30, 1993.
*32 Rowena T. Jones, New Orleans Legal Assistance Corp., New Orleans, for plaintiff/appellant.
Before SCHOTT, C.J., and BARRY and WALTZER, JJ.
WALTZER, Judge.
The plaintiff, Albert Emke, appeals from a trial court judgment, which affirmed in part a judgment from the Administrator of the Louisiana Office of Employment Security. In both judgments, the plaintiff was found to have been dismissed from his job at B. Dalton Booksellers under disqualifying circumstances. The plaintiff appeals to this Court, arguing that such a determination should be reversed.
Albert Emke began his employment with B. Dalton Booksellers in New Orleans on Canal Street in August of 1989 as a clerk. His employer required him to begin work promptly at 10 a.m. Mr. Emke was expected to be at the bookstore about ten or fifteen minutes before beginning work. On January 25, 1991, Mr. Emke arrived at the bookstore at 9:40 a.m., after walking to work in the rain. Mr. Emke hoped to get inside quickly so that he would be able to change into dry clothes. The front entrance to the bookstore was locked, which apparently was not unusual. Several employees had previously commented to the manager that their access to the store before it opened was often barred. Mr. Emke, on such occasions, would either tap on the glass door until he got the attention of one of the employees inside or call the store from a nearby pay phone to let them know he was waiting outside.
On January 25, 1991, after having walked to work in the cold rain, Mr. Emke was particularly anxious to get inside. Upon finding the front door locked, he began knocking on the glass pane to get the attention of one of the employees. While Mr. Emke could see a fellow employee inside, he was unable to get his attention. Frustrated and angry, he began kicking the glass door, which shattered. When the manager, upon seeing the shattered door with Mr. Emke standing on the other side, asked what had happened, Mr. Emke allegedly replied with a snide remark, "This is the new doorbell." The plaintiff was discharged the following day.
Mr. Emke applied for unemployment compensation, and initially was found to be qualified and eligible for such benefits by the Administrator. The employer appealed, and after a hearing, the administrative law judge (ALJ) reversed its original decision, and ordered the claimant disqualified from benefits retroactive to the date of claimant's filing for benefits, as well as cancelling all of B. Dalton's wage credits. Mr. Emke appealed this decision to the Board of Review, which affirmed the ALJ's ruling. Mr. Emke then filed a Petition for Judicial Review in Civil District Court. (Docket no. 91-19373).
From its decision that Mr. Emke was disqualified to receive benefits, the Agency of Employment Security determined that Mr. Emke had been overpaid unemployment benefits in the amount of $710.00. Mr. Emke appealed to the Board of Review, which affirmed the ALJ's decision, and ordered the claimant to return the amount he received as overpayment. Mr. Emke then appealed this decision to the Civil District Court for judicial review. (Docket no. 91-13813).
Then, in July 1991, an ALJ found Mr. Emke monetarily ineligible for benefits due to the prior cancellation of all wage credits earned during the base period of his claim. The Board of Review affirmed this decision, which Mr. Emke again appealed for judicial review. (Docket no. 91-19349).
All three of the claimant's petitions for judicial review were consolidated in the district court and decided by the Honorable Louis A. DiRosa. The district judge affirmed the ALJ's decisions finding the claimant disqualified from and ineligible to receive unemployment benefits. However, he reversed the ALJ's order requiring the *33 claimant to refund the overpayment, and thereby granted the claimant a waiver of the overpayment totaling $710.00. Mr. Emke now appeals that portion of the district court judgment affirming the ALJ's finding him disqualified for unemployment compensation benefits.
The Office of Employment Security found Mr. Emke disqualified for unemployment benefits for "misconduct" under LSA-R.S. 23:1601(2)(a). That statute, as amended in 1990, reads, in pertinent part, as follows:
An individual shall be disqualified for benefits:
(2)(a) If the administrator finds that he has been discharged by a base period or subsequent employer for misconduct connected with his employment. Misconduct means mismanagement of a position of employment by action or inaction, neglect that places in jeopardy the lives or property of others, dishonesty, wrongdoing, violation of a law, or violation of a policy or rule adopted to insure orderly work or the safety of others ... LSA-R.S. 23:1601(2)(a)
The 1990 amendment provided the statutory definition of misconduct.
The appellant claims that under either the statutory or previous judicially created definition, the incident causing his discharge did not amount to "misconduct." The appellant admits in his briefs, as he did throughout all the proceedings, that he kicked the door, shattered the glass, and was angry and frustrated for having been locked out. Our review of the record indicates that the appellant also acted in an insubordinate manner when questioned about the door. The facts of this case, as described above, are not disputed. We thus must determine whether Mr. Emke's actions on the morning of January 25, 1991, and the following day constitute, as a matter of law, misconduct under the statute.
Our review of cases applying LSA-R.S. 23:1601(2)(a) indicates that misconduct constituting disqualification of benefits has been defined as "an act of wanton or willful disregard of the employer's interest (or) a willful violation of the employer's rules..." Horns v. Brown, 148 So.2d 607, 609 (La.1963); Operators, Inc. v. Comeaux, 579 So.2d 1228 (La.App. 3d Cir.1991); Martin Mills, Inc. v. Leon, 576 So.2d 1165 (La.App. 3d Cir.1991); French v. Whitfield, 561 So.2d 977 (La.App. 4th Cir.1990). This definition of "misconduct", which requires either intentional wrongdoing or negligence to such an extent as to manifest culpability, has been applied by the Second Circuit in interpreting the statute as amended in 1990. Hardeman v. Blache, 605 So.2d 671 (La.App. 2d Cir.1992). We agree with the Second Circuit, and apply the well established definition of misconduct. Furthermore, the employer seeking to disqualify an ex-employee from unemployment benefits carries the burden of proof of such willful and wanton disregard. Banks v. Administrator of Dept. of Employment Security, 393 So.2d 696 (La.1981); Martin Mills, Inc., supra at 1168.
Prior courts have been quite restrictive in determining what constitutes an intentional act of disregard. The Louisiana Employment Security Law has been interpreted as remedial in nature, and should extend its benefits as far as possible within the bounds imposed by express legislative restrictions. Gunn v. Gerace, 516 So.2d 1180, 1182 (La.App. 2d Cir.1987); Craighead v. Administrator Dept. of Employment Security, 420 So.2d 688 (La.App. 2d Cir.1982), writ den., 422 So.2d 154 (La. 1982). This Circuit, and others, have held that a single "hot-headed incident" or accident does not usually amount to disqualification of benefits. Gunn v. Gerace, 516 So.2d 1180 (La.App. 2d Cir.1987). We recognize and agree with the principle expressed by earlier courts, that unemployment is remedial and should not be denied for misconduct absent wanton conduct or such negligence which results in serious damage.
However, we also adhere to the Second Circuit's reasoning that an examination of the employer's showing of misconduct must consider all the circumstances, and that misconduct must be determined on a case by case basis. "There is no rigid rule *34 that every employee gets one tantrum free. Just as a single incident need not absolve the employee, a second incident need not condemn him. The showing necessarily depends on all the circumstances.... Factors to be considered include whether the supervisor felt particularity threatened or undermined by the situation." Gunn v. Gerace, 516 So.2d at 1182; see also Hardeman v. Blache, 605 So.2d at 674.
After considering all the factors surrounding Mr. Emke's discharge, we believe that the employer, in this case, fulfilled his burden of showing misconduct. Undisputed by the claimant is the fact that he arrived at work, cold and wet, "angry and frustrated", and began kicking the door after having rapped on the glass several times. The finders of fact from the proceedings below were free to consider the probability that a large amount of force was used in kicking the door, as the front door to the bookstore shattered. Furthermore, the claimant does not refute the fact that he was not apologetic, but rather somewhat flippant when questioned about the door immediately after the incident, obviously still angry and frustrated.
While a single hot-headed incident may not be enough to disqualify a person from unemployment benefits, a court or administrative judge may consider the severity of the incident, whether any damage or how much damage occurred, whether anything provoked the incident, and whether the employee's behavior was reasonable in light of the circumstances. The Second Circuit in Gunn determined that a single confrontation during which the plaintiff used profanity was not misconduct under the law given the fact that his actions were not wholly unreasonable. The plaintiff in that case had been told on the day of the incident that he would have to work longer hours and that he would not be receiving his holiday pay. Gunn, supra at 1181-82. This Circuit in French decided that an employee's outburst was not misconduct since she had been abruptly fired for accidently leaving work early the day before. French, supra at 975-76.
We believe that the present case presents a slightly different scenario than the above described cases. The claimant's anger and frustration in this case was not due mainly to something done by the employer, nor were the provoking factors unusual or abrupt. The claimant admitted that the front doors to the bookstore were often locked when he arrived in the morning. While it was cold and raining, his reaction to the locked door was not reasonable and resulted in serious property damage. Furthermore, his flippant reply and behavior upon being asked about the door was not reasonable, and demonstrated a certain amount of insubordination. While the breaking of the glass door, if truly and completely accidental, in and of itself, would not constitute misconduct, that incident coupled with the surrounding remarks, reaction and behavior of the claimant can be considered misconduct under LSA-R.S. 23:1601(2)(a). We therefore agree with the trial court in its affirmance of the administrative findings on this point.
However, we agree with the trial court that the claimant's duty to refund the amount of overpayment should be waived, thereby not requiring him to return the $710.00. He applied for and received unemployment benefits in good faith.
For the foregoing reasons, the judgment of the district court affirming the administrative decisions disqualifying the claimant from unemployment compensation due to misconduct is affirmed.
AFFIRMED.