626 So.2d 959 (1993)
John Kirk ORTEGO, Plaintiff-Appellee,
v.
ADMINISTRATOR OF the LOUISIANA DIVISION OF EMPLOYMENT SECURITY, Defendant-Appellant.
No. 93-527.
Court of Appeal of Louisiana, Third Circuit.
November 17, 1993.
Gary J. Ortego, Ville Platte, for John Kirk Ortego.
J. Jerome Burden, Baton Rouge, for Administrator of Louisiana Div. of Employment Sec.
Before GUIDRY, STOKER and DECUIR, JJ.
GUIDRY, Judge.
The Office of Employment Security, State of Louisiana, appeals the trial court's judgment which reversed a decision of the Board of Review denying plaintiff unemployment benefits. We reverse and reinstate the decision of the Board of Review.
Plaintiff's application for unemployment benefits was initially denied by the Department. He appealed. Following a hearing, the administrative hearing officer rendered an opinion and judgment reading in pertinent part as follows:

FINDINGS OF FACT
The claimant was employed by Labor Services as a Tank Cleaner from July 1990, until October 11, 1991. He was paid a salary of $10.08 per hour. He was a full-time employee. He worked different shifts. The claimant worked overtime during most of his employment. While that was the case, he was not guaranteed more than eight hours of work per day or forty hours per week. He was paid for at least forty hours per week. The claimant stopped getting overtime toward the end of his employment. A garnishment was placed on his check. The company was *960 required by a court order to deduct the amount of the garnishment from the claimant's check. The claimant was unable to pay his rent and utilities because of the garnishment and the lack of overtime. On October 11, 1991, he advised Wilbert Corbin, Labor Service Representative, that he was leaving his employment because he couldn't afford the rent and the utilities. The claimant did not have another job to go to at the time that he chose to leave his employment. He relocated to Ville Platte, Louisiana.

OPINION
. . . . .
The claimant left his employment to relocate after a garnishment was placed on his check and he could not afford the rent and the utilities in the area where he was working. Evidence indicates that there was a variation in the amount of overtime that the claimant worked during his employment, but the claimant was still a full-time employee at the time of the separation and he was being paid as agreed. One cannot fault the employer for having to abide by a court order to take a garnishment out of the claimant's check. The claimant may have had good personal reasons for leaving his employment, but the evidence is insufficient to show that the separation was attributable to a substantial change made to the employment by the employer. The claimant is not entitled to benefits.
IT IS ORDERED that the determination of the Agency which disqualified the claimant for benefits effective October 11, 1991, under R.S. 23:1601(1) of the Law be affirmed.
Plaintiff appealed to the Board of Review. The Board adopted the findings of fact and conclusions of law of the administrative hearing officer. Thereafter, plaintiff appealed to the district court. The district court reversed concluding in written reasons that:
... the "Findings of Fact" and the "opinion" of the Administrative Law Judge adopted by the Board of Review are unsupported by sufficient evidence.
This appeal followed.
Judicial review in unemployment compensation cases is limited to a determination whether the Board of Review's findings of fact are supported by sufficient evidence and whether the facts as found warrant the Board's decision as a matter of law. La.R.S. 23:1634; Nason v. Louisiana Department of Employment Security et. al., 475 So.2d 85 (La.App.2d Cir.1985), writ denied, 478 So.2d 149 (La.1985). We find that the Board's findings of fact are fully supported by the record and its decision is correct as a matter of law.
The trial judge concluded that plaintiff voluntarily terminated his employment because the employer reduced his overtime hours after his wages were garnished. The trial judge considered this a substantial change made to the employment by the employer which warranted his separation.
In our view, fluctuations in overtime work performed by an employee hired to work forty hours per week cannot be considered, as a matter of law, a substantial change made to the employment by the employer which justifies payment of unemployment compensation benefits upon voluntary separation. As the administrative hearing officer observed although there was a variation in the amount of overtime that the claimant worked, he was still a full-time employee at the time of separation and was being paid as agreed. However, in any event, there is nothing in the record to support the trial court's conclusion in this regard other than plaintiff's speculation that contemporaneous with the garnishment he began to work less overtime and this must have been the reason for the cutback. There is no evidence in the record supporting this speculation. To the contrary, plaintiff's supervisor, Joe Ryan, testified that the need for overtime work depended solely on the level of business at any given time. The trial court has no jurisdiction to make credibility determinations, weigh evidence, or draw inferences in reviewing a decision of the Board of Review.
For these reasons, we reverse the judgment of the trial court and reinstate the *961 decision of the Board of Review which denied plaintiff's demand for unemployment benefits. Plaintiff, John K. Ortego, is cast with all costs of this appeal.
REVERSED AND RENDERED.