COOKS, Judge.
Donald Dugas, a former Exxon Pipeline Company (Exxon) employee, was discharged for allegedly violating company policy. Du-gas claimed unemployment benefits, which were awarded, but only after appeal, remand and rehearing. Exxon filed a Petition for Judicial Review. The district court affirmed the administrative tribunal’s decision. Finding no manifest error, we affirm the trial court’s ruling.
FACTS
On May 15, 1996, at approximately 7:00 a.m., Dugas reported to work at Exxon Pipeline Company’s facility in Sunset, Louisiana. He was immediately told to report for a random drug and alcohol test at 11:00 a.m. that morning. At 9:00 a.m., Dugas used Chloroseptic, an orally applied spray medication, because he claims he had a sore throat that day.
Subsequently, Dugas tested .10% positive for the presence of alcohol on a Rsaliva-testing strip. He also gave a blood sample which, when tested, contained .051% alcohol. Although he denied using alcoholic beverages after 10:00 p.m. the night preceding the test, he admits having five beers earlier that evening. Nonetheless, Dugas was discharged from his employment with Exxon on May 22, 1996, for reporting to work under the influence of alcohol, in violation of Exxon’s posted rules and its drug and alcohol policy for employees working in safety-sensitive positions.
Thereafter, Dugas applied for unemployment compensation benefits, which were initially granted. Upon review of Exxon’s appeal, an administrative law judge reversed the decision awarding benefits on July 24, 1996. Dugas appealed to the Louisiana Board of Review, which remanded the matter to the administrative law judge. By decision dated November 1, 1996, the administrative law judge reversed his prior decision, and awarded benefits. Exxon appealed this decision to the Board of Review, which affirmed the decision on February 28, 1997. Exxon then filed a Petition for Judicial Review before the 27th Judicial District Court, St. Landry Parish. The court affirmed the previous rulings, finding the Board’s decision was “supported by sufficient evidence” and, thus, “should not be disturbed.” We are now asked to consider whether the district court erred in finding Dugas was not guilty of misconduct connected with his employment sufficient to disqualify him from receiving unemployment compensation benefits.
LAW
As a matter of law, our decision here does not involve a redetermination of factual issues. La.R.S.23:1634 provides:
In any proceedings under this Section the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive and the jurisdiction of the court shall be confined to questions Rof law.
Hardeman v. Blache, 605 So.2d 671 (La.App. 2 Cir.1992).
Accordingly, we must ascertain (1) whether the findings of fact by the board of review are supported by sufficient evidence; and if so, (2) whether the decision of the board of review is correct, as a matter of law. Id. at 674; other citations omitted. The unemployment statutes provide that an indi *1037 vidual shall be disqualified from receiving unemployment compensation benefits if the administrator finds that he had been discharged for misconduct connected with his employment. R.S. 23:1601(2); see Major v. Cintas/Red Stick, 94—713 (La.App. 3 Cir. 12/6/95); 665 So.2d 153, writ denied 96-0081 (La.3/8/96); 669 So.2d 402. The misconduct must result from willful or wanton disregard of the employer’s interest, willful violation of the employer’s rules, or from direct disregard of behavioral standards the employer has the right to expect. Hardeman, 605 So.2d 671, citing Operators, Inc. v. Comeaux, 579 So.2d 1228 (La.App. 3 Cir.1991).
In determining whether the violation constitutes disqualifying misconduct, one must look to the nature of the violation with due consideration of the factors which enter into the proper conduct of the employer’s business. Lacy v. PPG Industries, Inc., 93-1588 (La.App. 3 Cir. 6/1/94); 640 So.2d 655, citing Hardeman, supra. The issue is primarily a factual one. Hardeman, 605 So.2d 671.
The Office of Employment Security, Appeals Tribunal, reversed the initial decision disqualifying Dugas for benefits because:
He had been randomly tested on short notice on numerous times in the past and had never failed any of the test (sic) in the ten years of his employment. He was never reported as appearing under the influence. The employer has failed to show by preponderance of the evidence that the discharge was for willful misconduct connected with the employment.
When asked to account for the .051 reading, Dugas stated “in the past we’ve had people that have been sent there to take tests and some have been sent back to the Roffice because they had taken mouth wash before and the reading was high.” The ensuing line of questioning confirmed that Dugas brought Chloraseptic with him to work that morning and used it about two hours before the test. Evidently, at that point the administrative law judge was satisfied with Dugas’ testimony that he did not consume alcoholic beverages before reporting to work. Judicial review of an administrative decision “does not entail the weighing of evidence, drawing of inferences, re-evaluation of evidence, or substituting the views of this court for those of the Board of Review as to the correctness of facts.” Major, 665 So.2d at 156. Thus, the district court correctly declined to reverse the board’s ruling. Similarly, we are compelled to affirm the award of unemployment benefits.
Exxon cites Atlas Processing v. Administrator, Department of Employment Security, 584 So.2d 1187 (La.App. 2 Cir.1991) to support its contention that Dugas is disqualified for unemployment compensation benefits. In Atlas, the claimant admitted he reported to work under the influence of alcohol. He exhibited signs of intoxication, including slurred speech, yelling obscenities, and vulgar language. Also, the Human Resources Director in Atlas, who personally observed claimant while intoxicated, testified at the hearing of the administrative law judge. Further, the claimant in Atlas had been involved in prior incidents stemming from his alcohol use. He had been arrested for driving under the influence, was observed partially undressed at the work place and had been counseled by a supervisor to seek assistance through the employee assistance program.
In the case before us, the administrative law judge found Dugas’ employment record indicated he never appeared to work under the influence of alcohol on any prior occasion. He was randomly tested on short notice on numerous occasions in the past and never failed a substance abuse test in the ten years he worked for Exxon, except the one in dispute. Most importantly, Dugas offered a credible justification for his test results; and, his employer did not submit any evidence to rebut that explanation. Upon considering Dugas’ record of compliance with Exxon’s policies, his reasonable explanation for the reading, and the fact that his alcohol blood content was only slightly above that which would have allowed him to keep his job, the judge found Exxon did not meet its burden of proving Dugas “willfully or wantonly” violated its policy. Although Exxon correctly notes an employee who deliberately violates a company rule may be disqualified *1038 from unemployment benefits, it has failed to meet its burden of proving deliberate conduct. This court has repeatedly held that performance can be unsatisfactory to the employer -without being disqualifying conduct. Lacy, 640 So.2d 655. Such is the ease in the matter before us. The trial court found there was legal and competent evidence to support the factual findings of the Board of Review. We can find no error in its decision.
DECREE
For the abovementioned reasons, the decision of the district court is affirmed. All costs of this appeal are cast upon Exxon Pipeline Company.
AFFIRMED.