812 So.2d 871 (2002)
HARSCO CORPORATION
v.
Candace S. VICTORIA, et al.
No. 01-1486.
Court of Appeal of Louisiana, Third Circuit.
March 20, 2002.
*872 Christopher L. Zaunbrecher, Briney & Foret, Lafayette, LA, Counsel for Plaintiff/Appellant HARSCO Corporation.
Cynthia T. Batiste, Baton Rouge, LA, Counsel for Defendants/Appellees Candace S. Victoria, et al.
Court composed of SYLVIA R. COOKS, JOHN D. SAUNDERS and MARC T. AMY, Judges.
COOKS, Judge.
HARSCO Corporation appeals a district court judgment which affirmed the decision of a Board of Review of the Office of Regulatory Services removing Candace Victoria's disqualification for unemployment compensation benefits. For the following reasons, we affirm.

FACTS
Candace Victoria worked for HARSCO Corporation for approximately four years as a production worker. Her job responsibilities consisted largely of pulling customer orders and shipping the items. Because of repeated customer complaints about errors in shipments, Ms. Victoria was the subject of numerous corrective and/or disciplinary procedures, including a final warning and suspension on July 27, 2000. In that final warning, Ms. Victoria was told if she shipped an order incorrectly again, her job would be terminated.
On November 9, 2000, the employer received another complaint against Ms. Victoria regarding an improper shipment. After researching the complaint, the employer determined Ms. Victoria made an error in her shipment. As a result, she was terminated for cause on November 13, 2000.
Ms. Victoria filed a claim for unemployment compensation benefits. The Office of Employment Security found Ms. Victoria was disqualified from receiving unemployment compensation benefits because she was discharged for employment misconduct. Ms. Victoria appealed.
The Appeals Tribunal affirmed the decision disqualifying Ms. Victoria from receiving *873 benefits. It determined: (1) she was responsible for the accuracy of her shipments; (2) she failed to perform the work as expected; (3) she was warned on a number of occasions, including a final warning with suspension; (4) her discharge was a direct result of repeated failures to properly ship orders; and therefore, (5) the discharge was for misconduct connected with the employment.
Ms. Victoria then appealed to the Board of Review seeking to overturn the decision of the Appeals Tribunal. The Board of Review reversed the decision, giving the following reasons:
While the evidence supports employer dissatisfaction, given the claimant's length of employment, and the absence of first hand testimony, the majority of the Board finds that the document of discharge does not support legal misconduct, or misconduct sufficient to deny benefits in accordance with the Law.
The employer then filed a petition for judicial review with the district court. The trial judge affirmed the decision of the Board of Review, finding the misconduct had to be "willful or wanton" to disqualify claimant from unemployment compensation benefits. This appeal followed. The employer now contends the Board of Review and District Court were manifestly erroneous in finding Ms. Victoria's misconduct was not sufficient to deny her unemployment compensation benefits.

ANALYSIS
The applicable statute is La.R.S. 23:1601, as amended in 1990, which provides in pertinent part:
An individual shall be disqualified for benefits:
* * * *
(2)(a) If the administrator finds that he has been discharged by a base period or subsequent employer for misconduct connected with his employment. Misconduct means mismanagement of a position of employment by action or inaction, neglect that places in jeopardy the lives or property of others, dishonesty, wrongdoing, violation of a law, or violation of a policy or rule adopted to insure orderly work or the safety of others.
Judicial review of unemployment compensation cases is limited to a determination of whether the Board's findings of fact are supported by sufficient evidence and whether these facts warrant the Board's decision as a matter of law. La. R.S. 23:1634(B); Ortego v. Administrator of La. Div. of Employment Sec., 626 So.2d 959 (La.App. 3 Cir.1993). Because of the beneficial purpose of this statute, the term "misconduct" must be construed so as to favor the award of benefits rather than disqualification. Charbonnet v. Gerace, 457 So.2d 676 (La.1984).
On appeal, the employer contends the district court erred in finding the misconduct had to be "willful or wanton" to disqualify claimant from unemployment compensation benefits. It argues the 1990 amendment provided a specific definition of the term "misconduct," which explicitly did not require that the complaint or conduct be "willful or wanton." The employer contends the amendment overruled prior jurisprudential interpretation of La.R.S. 23:1601, which required "willful or wanton" misconduct.
Prior to the 1990 amendment, in Charbonnet v. Gerace, 457 So.2d 676 (La.1984), the Louisiana Supreme Court strictly construed the definition of misconduct as defined in La.R.S. 23:1601. The court found the conduct must arise from "willful or wanton disregard of the employer's interest, from a deliberate violation of the employer's rules, or from a direct disregard of standards of behavior which the employer *874 has the right to expect from his employees." Id., at 678
Since the 1990 amendment to La.R.S. 23:1601, this court, as well as the Second, Fourth and Fifth Circuits have all concluded "misconduct" still requires either intentional wrongdoing or negligence to such an extent as to manifest culpability or a showing of intentional and substantial disregard of the employer's interest. See Gobert v. La. Dep't of Employment Sec., 94-1018 (La.App. 3 Cir. 3/8/95); 651 So.2d 508; Taco Bell Corp. v. Perkins, 95-225 (La.App. 5 Cir. 9/26/95); 662 So.2d 34; Wood v. La. Dep't of Employment Sec., 25,545 (La.App. 2 Cir. 2/23/94); 632 So.2d 899; Emke v. Mouton, 617 So.2d 31 (La. App. 4 Cir.1993); Hardeman v. Blache, 605 So.2d 671 (La.App. 2 Cir.1992). This interpretation favors the beneficial purpose underscoring the adoption of the unemployment compensation act; and we decline to change our course without clear legislative expression signaling its intent to abandon the "willful or wanton" requirement.
In determining whether the violation constitutes disqualifying misconduct, we must look to the nature of the violation in relation to the proper conduct of the employer's business. Hardeman, 605 So.2d 671. The party alleging misconduct must prove that it has occurred by a preponderance of the evidence. ConAgra Broiler Co. v. Gerace, 95-41 (La.App. 3 Cir. 5/31/95); 657 So.2d 391; Hardeman, 605 So.2d 671. After a thorough review of the record before us, we do not find the Board of Review and district court erred in finding there was not misconduct sufficient to deny benefits in accordance with the law.
We note approximately three and one half months passed from the time Ms. Victoria received her "final warning" until the incident which precipitated her termination. It is reasonable to assume from the record that no other incidents occurred during this period. The Board of Review and district court both noted the fact that Ms. Victoria had worked for the employer for over four years. The district court recognized over a significant period of time mistakes may happen as a result of human error. The jurisprudence has held disqualifying misconduct requires either intentional wrongdoing or negligence to such an extent as to manifest culpability. Gobert, 651 So.2d 508; Taco Bell Corp., 662 So.2d 34; Wood, 632 So.2d 899; Hardeman, 605 So.2d 671. The record does not support such a conclusion.

DECREE
For the foregoing reasons, the judgment of the district court is affirmed. All costs of this appeal are assessed to plaintiffappellant.
AFFIRMED.